THERESA MULLEN, by her Guardian, etc., Respondent, *v.* SAMUEL R. ST. JOHN et al., Appellants.

The owner of a building adjoining a street or highway is under a legal obligation to take reasonable care that it is kept in proper condition, so that it shall not fall into the street or highway and injure persons lawfully there.

From the happening of such an accident, in the absence of explanatory circumstances, negligence will be presumed, and the burden is upon the owner of showing the use of ordinary care.

(Submitted May 8, 1874; decided September term, 1874.)

APPEAL from a judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict.

This was an action to recover damages for injuries sustained by plaintiff, by the falling of a building in Brooklyn.

The defendants were the owners of a building called the Hamilton Market, standing on the corner of Hamilton avenue and Van Brunt street, in the city of Brooklyn. It was built in 1854, of brick, was leased to the defendants in 1863, and purchased by them in 1866. On the 26th of June, 1870, the building being then unoccupied, a part of its walls fell outward into Van Brunt street, and the plaintiff, who was on the sidewalk, about twenty-five feet from the rear of

the building, was knocked down by the bricks and mortar, and received injuries for which this action was brought.

The sole question in the case arose upon the charge of the judge, which is set forth in the opinion.

*Winchester Britton* for the appellants. The court erred in charging the jury that the happening of the accident was, in the absence of explanation, presumptive evidence of negligence on the part of defendants. (*Sherman* v. *West Tr. Co.*, 62 Barb., 150; *Spencer* v. *Campbell*, 9 W. & S., 32; *Harvey* v. *Losee*, 51 N. Y., 476.) Plaintiff, in order to recover, must give some affirmative proof of negligence on the part of the defendants. (*Hammock* v. *White*, 1 C. B. [N. S.], 588.)

*John H. Bergen* for the respondent. The court was correct in charging that plaintiff had made out a case, in the absence of explanation on the part of defendants, when she proved the happening of the accident. (*Benson* v. *Snares*, 43 Barb., 408; S. & R. on Neg., 411, § 359, and cases cited; *Scott* v. *London Dock Co.*, 11 Jur. [N. S:], 204; 3 Fisher's Dig. Eng. R., 6046; *Byrne* v. *Beadle*, 2 H. & C., 722; *Briggs* v. *Oliver*, 1 id., 403.) The burden of proving that the accident did not happen through their negligence was upon defendants. (*Byrne* v. *Beadle*, 2 H. & C., 721.)

DWIGHT, C. The question in the present case arises upon the charge of the judge, which is in the following terms, as far as an exception was taken, to wit: "When the plaintiff proved that the building fell into the street and injured her, she had made out a case, in the absence of any explanation on the part of the defendants, as buildings do not usually or necessarily fall, and that it is for the jury to say, under all the evidence, whether that explanation, on the part of the defendants, is reasonably made." This passage is an extract from the charge, and was preceded by a statement, that when the cause of an accident is under the management of a person, and the accident is one which does not happen in the

ordinary course of things if those who have this manage-
ment use ordinary care, it is a reasonable presumption,
in the absence of any .explanation, that the accident
resulted from a want of such care. It was followed by
words to this effect: If the defendant ' by the exercise
of ordinary care — the care a. prudent person exercises in
his own affairs — could have discovered and remedied this
defect so as to have prevented this accident, then he is liable.
If he could not, by such ordinary care, then he is not liable.
The whole of the charge must be considered, and the ques-
tion is, whether any erroneous rule was announced to the jury.

The solution of this question will depend upon the fact,
whether there was any duty imposed upon the owners of the
building in respect to persons passing along the highway, and .
whether a presumption of negligence can be raised from the
circumstances under which its fall occurred. In regard to
the question of duty there can be no reasonable doubt. If a
person erects a building upon a city street, or an ordinary
highway, he is under a legal obligation to take reasonable
care that it shall not fall into the street and injure persons
lawfully there. It cannot be affirmed that he is liable for
any injury that may occur, whether by inevitable accident or
the wrongful act of others. It is not to be disputed, however,
that he is liable for the want of reasonable care. (Remarks of
MERRICK, J., in *Kirby* v. *Boylston Market Asso.*, 14 Gray,
249; *City of Lowell* v. *Spaulding*, 4 Cush., 277; *Inhabi-
tants of Oakham* v. *Holbrook*, 11 id., 299.) It is held in
*Regina* v. *Watts* (1 Salk., 357) that a house likely to fall is a
nuisance for which an indictment lies against the occupier.
*Rector of Church of Ascension* v. *Buckhart* (3 Hill, 193)
shows that it is the duty of an owner of a ruinous building
to prevent its walls from falling.

Assuming the foregoing propositions to be true, it may be
further insisted that the question, whether an owner has used
reasonable care or not, will depend on all the circumstances
of the case. Buildings properly constructed do not fall with-
out adequate cause. If there be no tempest prevailing or no

external violence of any kind, the fair presumption is, that the fall occurred through adequate causes, such as the ruinous condition of the building, which could scarcely have escaped the observation of the owner. The mind is thus led to a presumption of negligence on his part, which may, of course, be rebutted. In the absence of explanatory evidence, negligence may be presumed. This view, so consonant with reason, is sustained by the authorities. A leading case is *Kearney* v. *London, etc., R. R. Co.* (L. R. [5 Q. B.], 411 ; S. C. in the Exchequer Chamber, L. R. [6 Q. B.], 759 [A. D. 1870, 1871]). This case underwent great discussion with a view to the settlement of the true principle governing it. The facts were, that the plaintiff was passing on a highway under a railway bridge, when a brick fell and injured him on the shoulder. A train had passed over the bridge shortly before the accident. The bridge had been built three years, and was an iron-girder bridge, resting on iron piers on one side, and on a perpendicular brick wall, with pilasters, on the other, and the brick fell from the top of one of the pilasters, where one of the girders rested on it. A motion was made for a nonsuit, on the ground that there was no evidence of negligence to leave to a jury. The Court of Queen's Bench, by a divided vote, held that this was a case to which the maxim *res ipsa loquitur* was applicable, or in other words, that there was *prima facie* evidence of negligence. The principle stated was, that whenever it is a defendant's duty to use reasonable care to keep a bridge, or other structure or premises, in a proper condition as it respects persons passing along the highway, and these are out of condition, and an accident happens, it is incumbent upon him to show that he used that reasonable care and diligence which he was bound to use; and that the absence of that care may fairly be presumed from the fact that there was the defect from which the accident had arisen. This principle was unanimously affirmed in the Court of Exchequer Chamber. (L. R. [6 Q. B.], 761.) There are other cases where the same rule was laid down, though the facts did not so closely

resemble the case at bar, since there was an affirmative act on the part of defendant or of his servant. It will be observed that there is no *affirmative* act in the case of *Kearney*, from which negligence might be affirmed. A brick falls without any explanation of the reason of its fall, and the law imputes it to negligence. In *Byrne* v. *Boadle* (2 Hurl. & Colt., 722) the facts were, that an injury was caused by the falling of a barrel into a highway, from the window of a shop. In discussing the question of the proprietor's liability, POLLOCK, C. B., said : "There are many accidents from which no presumption of negligence can arise ; but this is not true in all cases. * * * It is the duty of persons who keep barrels in a warehouse to take care that they do not roll out ; and I think that such a case would, beyond all doubt, afford *prima facie* evidence of negligence. A barrel could not roll out of a warehouse without some negligence. So, in building or repairing a house, if a person passing along the road is injured by something falling upon him, I think the accident would be *prima facie* evidence of negligence." The same general question came up for consideration in *Scott* v. *London Dock Company* (3 id., 596). In that case an injury had been caused by the falling of bags of sugar on the defendant as he was passing by a warehouse. The court said : "There must be reasonable evidence of negligence. But where the thing is shown to be under the management of the defendant or his servants, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care." The case of *Gee* v. *Metropolitan Railway Company* (L. R. [8 Q. B.], 161) affirms the same principle as applied to another class of cases, the judges giving at length the reasons for their conclusions.

In the case at bar the walls of the building, without any special circumstances of storm or violence, fell into the street. There was some evidence tending to show that it was out of repair. Without laying any stress upon the affirmative tes-

timony, it is as impossible to conceive of this building so falling unless it was badly constructed or in bad repair, as it is to suppose that a seaworthy ship would go to the bottom in a tranquil sea and without collision. The mind, necessarily, seeks for a cause for the fall. That is, apparently, the bad condition of the structure. This, again, leads to the inference of negligence, which the defendant should rebut. The same principle prevails in the Roman law. Thus, it is laid down in 1 Domat on Civil Law (§ 1557): "If tiles fall from the roof of a house, which was in good case, and by the bare effect of a storm, the damage which may happen by such fall is an accident, for which the proprietor or tenant of the house cannot be made accountable. But, if the roof was in a bad condition, he who was bound to keep it in repair may be liable to make good the damage that has happened, *according to the circumstances.*" The case of *Losee* v. *Buchanan* (51 N. Y., 476) is not opposed to these views. There the question was, whether one was liable for the explosion of a steam-boiler which he had operated with care and skill ; or, in other words, whether he was bound, *at all events*, to prevent the effects of an explosion from injuring another. The present question is one simply of presumptions in the law of evidence, which was not at all involved in *Losee* v. *Buchanan* (*supra*) ; while that case holds that there must be evidence of negligence, it does not at all prescribe the mode of proving it, which, as has been abundantly shown, may in such cases as the present be by presumption. The cases concerning the management of railroads concur with this view ; holding that where the company has the control of the car and the track, and the car leaves the track, the presumption of negligence may arise. (*Edgerton* v. *New York and Harlem Railroad Co.*, 39 N. Y., 227 ; *Curtis* v. *Rochester and Syracuse Railroad Co.*, 18 id., 534.)

There was no error in the charge of the judge, and the judgment of the court below should be affirmed.

All concur.

Judgment affirmed.