## MATTHEW LYONS, Appellant, v. JOSEPH ROSENTHAL and ADOLPH STRAUSS, Respondents.

*Negligence — when presumed.*

The defendants, who occupied for business purposes the second and upper floors of a building, were hoisting a box, weighing about 500 pounds, to their rooms, by means of iron hooks attached to its sides. Just as it reached the second floor the hooks broke out of the wood, the box fell, breaking through the hatchway on the first floor, and it and its contents struck and injured the plaintiff, who was sitting in the basement. It was conceded that there was no contributory negligence on the part of plaintiff, and that he was lawfully in the cellar. *Held,* that the falling of the box raised a presumption of negligence on the part of the defendants, which, in the absence of explanation, would justify the jury in finding in favor of the plaintiff.

Appeal from a judgment in favor of the defendants, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*Augustine R. McMahon,* for the appellant. The court erred in charging that negligence on the part of the defendants could not be presumed or inferred from the circumstances of the case. (*Byrne* v. *Boadle,* 2 H. & C., 721; *Scott* v. *London Dock Co.,* 3 id., 596; *Briggs* v. *Oliver,* 4 id., 403; *Clare.* v. *City Nat. Bk.,* 1 Swee., 539; *Mullin* v. *St. John,* 57 N. Y., 567; *Roberts* v. *Johnson,* 58 id., 613; *Vincett* v. *Cook,* 6 Sup. Ct. [T. & C.], 562; *Kearney* v. *L., etc., R. R.,* L. R., 5 Q. B., 411; Whar. on Neg., §§ 828, 841, 844; *Norris* v. *Kohler,* 41 N. Y., 42; Add. on Torts [ed. 1876], 514, 515.) When a presumption of negligence has once been established against a defendant, it can only be overthrown by showing that the occurrence was the result of inevitable accident. (2 Rolle Abr., 548, *g; Weaver* v. *Ward,* Hob., 134; S. C., Moore, 864; Whar. Neg., §§ 114, 127, 128; S. & Redf. on Neg., §§ 5, 13, 71; *Center* v. *Finney,* 17 Barb., 94.) Proof of the general exercise of care and caution does not rebut a presumption of negligence arising in a particular case. (*Burnell* v. *N. Y. C. and H. R. R. R. Co.,* 45 N. Y., 184; *Fairfax* v. *Id.* [Ct. App.], N. Y. Weekly Dig. [Oct. 23, 1876], 260.) Impossibility

is to be determined by the nature of things; not by the means or ability of a party. (Civil Code, § 777; *Austin* v. *N. J. Steamboat Co.*, 43 N. Y., 75.)

*James M. Smith*, for the respondents. Upon the question of negligence on the part of the defendants, the plaintiff holds the burden of establishing an affirmative case. (*Deyo* v. *N. Y. Cen.*, 34 N. Y., 9; *Halbrook* v. *Utica and Schen. R. R. Co.*, 12 id., 236; *Curran* v. *Warren Manuf. Co.*, 36 id., 153; *Button* v. *Hud. R. R. R. Co.*, 18 id., 248; *Vilas* v. *Hud. R. R. R. Co.*, 24 id., 436; *Terry* v. *N. Y. Cent. R. R. Co.*, 22 Barb., 474; *Curran* v. *Warren Chem. Manuf. Co.*, 36 N. Y., 153.) The request to charge that a box cannot fall through the hatchway without negligence on the part of somebody, was properly refused.

DAVIS, ·P. J.:

This action was brought for an injury sustained by the appellant, by the falling of a box of goods which a servant of the respondents was hoisting up a hatchway into the respondents' store. The respondents occupied, and carried on the business of merchandise on the second floor of the building, and the other floors above the second. The first floor and basement were occupied by one Von Blankenstein. The appellant was a truckman, and had delivered goods to Von Blankenstein, and was in the basement standing or sitting near the clerk's desk, to receive his pay. The box of goods, weighing about 500 pounds, was being hoisted by iron hooks attached to the sides of the box, and just as it reached the respondents' floor, the hooks broke out of the wood, and the box fell, broke through the cover of the hatchway on the first floor, and it or its contents fell upon the appellant in the basement below, doing him more or less injury. It was conceded that the appellant was free from contributory negligence. He was where he had a right to be, on Von Blankenstein's premises upon his lawful business, when the injury occurred. The judge was requested to charge the jury that the falling of the case raises a presumption of negligence on the part of the defendants, which, in the absence of explanation, would justify the jury in finding against them. The court refused so to charge, and the appellant's counsel duly excepted.

The appellant was entitled to have this charge made as requested, for upon the facts shown by him a presumption of negligence was raised against the respondents, which they were bound to meet and remove by satisfactory explanations. (*Mullin* v. *St. John*, 57 N. Y., 567, and cases there cited.) There undoubtedly must be in such cases, evidence of the alleged negligence of the defendants, but that evi-- dence may, in such a case as this, be sufficiently shown by the presumption which arises upon other facts proved in the case. There was no doubt, whatever, from the evidence, that the appellant was lawfully on the premises of Von Blankenstein, and being himself wholly free from any fault or negligence, was injured to some extent by the falling of the box of goods from the respondents' premises into and upon Von Blankenstein's premises. This box was being hoisted up a hatchway by the respondents' servant, by iron hooks attached to its sides, and it fell because such hooks were not sufficiently or properly attached, or because the box and its contents were too heavy to be safely hoisted in that way, or from some deficiency in the machinery, or fault of the servants.

In *Byrne* v. *Boadle* (2 H. & C., 722), the facts were that an injury was caused by the falling of a barrel into a highway from the window of a shop. In discussing the question of the proprietor's liability, POLLOCK, C. B., said: "There are many accidents upon which no presumption of negligence can arise, but this is not true in all cases. * * * It is the duty of those who keep barrels in a warehouse, to take care that they do not roll out; and I think that such a case would, beyond all doubt, afford *prima facie* evidence of negligence."

In *Scott* v. *London Dock Company* (3 id., 596) the injury was caused by the falling of bags of sugar on the plaintiff as he was passing by a warehouse. The court said: "There cannot be a recovery without reasonable evidence of negligence. But where the thing is shown to be under the management of the defendant, or his servants, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care."

. Many other cases are cited in the opinion of Commissioner DWIGHT, in *Mullin* v. *St. John* (*ubi supra*), to the same effect. We think there can be no doubt that the plaintiff was entitled to have the instruc-

tion asked for, given to the jury. The refusal so to charge, considered in the light of the charge as actually given, must have left upon the jury the impression that it was necessary, in order to make a *prima facie* case for the appellant, to prove by clear affirmative evidence, that the injury was the result of actual negligence on the part of the defendants, and to deprive him of the benefit of the legal presumption to which he was entitled under the circumstances of this case.

It is not necessary to consider whether the exceptions to evidence taken, during the course of the trial, were well taken or not, as there must be a new trial for the error in refusing to charge as requested.

The judgment must therefore be reversed, and a new trial granted, with costs to abide the event.

BRADY and DANIELS, JJ., concurred.

Judgment reversed, new trial ordered, costs to abide event.