By the Court.—Dugro, J.
The material allegations of the complaint are as folloAvs:—
First. That the defendants, at the time of the accident, owned and managed a petroleum refinery on Newr *391 town Creek, and the plaintiffs’ vessel was then lawfully lying, for the purpose of receiving a cargo, at the wharf next adjacent to the defendants’ said oil works on New-town Creek, to wit, at the wharf of the Devoe Manufacturing Co.
Second. That, although the defendants well knew that said business of refining petroleum was dangerous and necessitated extraordinary care, yet they were so negligent and careless in the construction and management of their said works and refinery, that there resulted on the day of the accident, from such negligence and carelessness, an explosion and fire on defendants’ premises, and that such fire extended to, and was directly communicated to the “ Phison ” from said premises, whereby the bark was greatly injured and partly destroyed.
Third. That said fire was caused wholly by defendants’ negligence and that the injury to plaintiffs’ véssel was the result solely thereof.
The defendant in its answer admitted that “it owned and managed a petroleum refinery on Newtown Creek,” denied that it was negligent in the construction and management of its works, and denied that there resulted, from any negligence of carelessness on its part, an explosion and fire on its premises, and further denied that such fire was directly communicated to the bark from such premises. The defendant alleged that the fire which occurred on its premises, was accidentally begun, and charged contributory negligence- on the part of those in charge of the vessel.
The case was presented to the court on the plaintiffs’ evidence alone, the defendant after the denial of its motion for a nonsuit, having declined to put in any evidence in defense. •
Among other exceptions taken by defendant was one to the following portion of the judge’s charge : “ I have to say to you, however, that from the mere fact of the explosion, if unexplained, a presumption arises that somebody in the defendant’s employ was negligent, and the *392 case therefore comes down to this, whether the circumstances surrounding that explosion in themselves show that the defendants used the ordinary care which the law requires of them.”
The first point made by the appellant is that the complaint does not seek a recovery for damages caused by an explosion, but for damages caused by a fire. Accepting, for the purposes of argument, the point as well taken, we then have the cause of action alleged one for damages caused by a fire. The evidence shows that the fire resulted from the explosion, and that the explosion occurred on the defendant’s premises, for from the testimony of the witness Berger, it satisfactorily appears that the explosion took place in the oil yard of the defendant, behind a wall which was around the whole yard on Ash street. Great stress is laid by appellant upon the following question, put to the witness Berger, and his answer thereto, it being claimed that it is the only evidence which shows the place of the explosion, and that there is therefore no proof of the explosion having occurred on defendant’s premises: “ Q. And that brick wall—did that belong to the Standard Oil Company or any other company ? A. As much as I know, the Standard Oil Company.” Now the witiless had before this question was put to him, said: “ The Standard Oil Company’s works extended from the river up to Ash street, on the other side of Ash street was our factory; there was a wall around the whole yard on Ash street.” It was not therefore of any account to whom the wall belonged, as the wall only bounded the oil yard. There was evidence in the case showing that the explosion caused the fire, for the witness Berger in answer to' the question, “ What was the very first thing you noticed ? ” said, “ I heard a little grumbling in the air—I see the boiler begin to wobble.” Later .he said, “I knew that an explosion was to happen; when the explosion came it was a terrible effect because the air pressure throwed me down, and the same moment when I turned again, it *393 gives out much dust;—everything was on fire and the whole street was all one fire burning oil.” The witness, Gasbach, says: “ I saw a flash and at the same moment all at once an explosion . . I saw the fire first in the yard, a little forward where the big tanks of oil is, where they refine oil, it was on the other side of the yard.”
From these and other parts of the, testimony it seems to me to be established beyond reasonable doubt, that the explosion caused the fire. Certain it is, that nowhere in the evidence does it appear that a fire occurred before the explosion, and it would be simply a guess at possibility to assume that it did. The first appearance of fire was instantly after the explosion, and in or about the very locality in which the explosion took place. There is no evidence in the case which makes it matter of conjecture whether the fire was caused by the explosion, or by some other particular cause, for no other possible cause is shown to have had existence.
The case of Losee v. Buchanan, 51 N. Y. 476, on a hasty reading, might lead to the supposition that evidence of negligence, as distinguished from such evidence as would raise a presumption of negligence, in cases similar to this one, is necessary; but after careful consideration, I do not believe this to have been the meaning of the decision. In the case of Mullen v. St. John, 57 N. Y. 567, the former case is explained as not affecting the presumptions which may arise from the fact of certain occurrences, for Dwight, J., speaking of the case, says, “ While that case holds that there must be evidence of negligence, it does not at all prescribe the mode of proving it.
It seems that the presumption arises, in cases similar to the one under consideration, from the nature of the act, not from the nature of the relations between the parties. Rose v. Stevens & Condit Trans. Co., 11 Fed. Rep. 438. So it appears to me that an explosion, unexplained under the circumstances shown, of an overheated or overpressured iron body, ten. feet in diameter, in an *394 oil yard in close contiguity to “ big tanks of oil,” and “ where oil is refined,” that is near material which common knowledge teaches will by an explosion be rendered extraordinarily dangerous to all persons and property in the vicinity, is such an occurrence as demands in justice, the application of that rule of law which makes the fact of certain occurrences prima facie evidence of negligence.
In Scott v. London and St. Catherine’s Dock Co., 8 Hurl. & N. 596, the court said: “ Where the thing is shown to be under the management of the defendant or his servants, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident, arose from want of care.” This case is cited with approval in Transp. Co. v. Bowner, 11 Wall. 129. To the same effect it has been held in Mullen v. St. John, 57 N. Y. 567; Losee v. Buchanan, 51 N. Y. 476; Gerlach v. Edelmeyer, 47 Super. Ct. 292 ; aff’d, 88 N. Y. 645 ; Caldwell v. New Jersey Steamboat Co., 47 N. Y. 282; Rose v. Stevens & Condit Transp. Co., 11 Fed. Rep. 438; Wiedmer v. N. Y. Elevated R. R. Co., 41 Hun 286; Lyons v. Rosenthal, 11 Ib. 46.
It is needless to discuss whether or no cases may arise where it would be proper, from the nature of the occurrence, to submit to the jury the evidence of the fact of an explosion, and leave to them a determination of the question as to whether in a particular case the mere fact of an explosion, unexplained, should or should not be considered as establishing negligence; for the case under consideration is certainly not one where there can be any fair doubt in regard to the reasonableness of the application of the rule as above stated. The propriety of such a submission must certainly be met with decided objection where the undisputed evidence shows no case of trivial explosion, no case where the very occurrence seems to offer fair explanation or raise a doubt as to its *395 being due to human agency; but a case occurring under circumstances of extraordinary danger, and where no explanation whatever of the primary cause can be perceived from the circumstances of the occurrence, and no fair reason to doubt that negligence occasioned the explosion is apparent from the facts known.
The case of Young v. Bransford, 12 Lea (Tenn.) 282, upon which the appellant seems greatly to rely as establishing a rule of law, contrary to that which I hold to be applicable to this case, relied somewhat for the rule it declares upon the case of Rose v. Stevens & Condit Trans. Co., 21 Am. Law Reg. 522. A careful reading of the latter case will show, however, that it goes further than Young v. Bransford, and does not vary from the rule, as I understand it, and far within which this case seems to me to stand. Wallace, J., in his opinion denying a motion for a new trial, adopted the rule as applied herein to the case under consideration, although in his charge he did not go so far.
The remaining point of importance to be considered is, whether the learned judge, committed an error at the trial in leaving to the jury the determination of the question, as to whether the damage sustained by the plaintiff was the direct and proximate result of the defendant’s negligence, or only a remote result.*
*396 The case of Ryan v. N. Y. C. R. R. Co., 35 N. Y., 210, held that from the facts in that case, it appeared that the damage sued for was not the necessary and natural result of the negligent act complained of. A different state of facts in the case under consideration makes the rule there laid down inapplicable. I am of opinion that the learned judge properly left the question as to whether the injury complained of was a probable consequence of the negligent acts of the defendant to the jury. Webb v. The Rome W. & O. R. R. Co., 49 N. Y. 420.
The best statement of the rule of law as applicable to a case such as this, is that “ the wrong-doer is responsible for the natural and proximate consequences of his misconduct, and what are such consequences must generally he left for the determination of the jury.” Ehrgott v. Mayor, etc., 96 N. Y. 264.
In the charge, the law applicable to the case was fairly presented and no error committed.
The admission of that part of the witness Berger’s testimony to which an exception is noted, was proper, but even if not so, material error did not occur by its reception. None of the other matters presented by the appellant would warrant action other than an affirmance of the judgment and order,which is hereby ordered, with costs and disbursements of appeal.
Sedgwick, Ch. J., and Truax, J., epneurred.

 The charge as to this point was as follows :
“ You must inquire whether the injuries sustained by the plaintiffs were the direct and natural result of defendant’s negligence, or only a remote result. If the plaintiffs’ vessel was set on fire by the explosion of the cargo of the lighter in the stem of it, and if the explosion on board of that lighter was not in direct connection with and directly caused by the explosion which occurred in defendant’s yard; if a new intervening cause came in which had no direct, natural and ordinary connection with the explosion in defendant’s yard, then the defendant is entitled to your verdict. But if the plaintiffs’ damages were the direct and proximate result of the defendant’s negligence within the rule laid down by me, and without any other intervening cause, then the plaintiffs are entitled to your verdict.”
There was evidence that the fire was communicated to the lighter through a pipe running to it from the shore.