JOHN BELL *v.* REFUGE OIL MILL COMPANY.

1. NEGLIGENCE. *Evidence.* *Special facts.*
    Proof of an injury may, but does not necessarily, involve evidence of negligence. Each case depends upon its special facts.

2. SAME. *Employe.* *Defective apparatus.*
    Where plaintiff, engaged in receiving material on the roof of a house, to be there used, lost his balance and fell to the ground, jerking with him the hoisting apparatus, he cannot recover

damages from his employer without other proof of the latter's negligence; the fact that the apparatus fell under the jerk received by it from plaintiff's fall, does not show it defective for the purpose for which it was being used.

FROM the circuit court of Warren county.

HON. WILLIAM K. MCLAURIN, Judge.

Bell, the appellant, was the plaintiff in the court below; the Oil Mill Company, appellee, was defendant there. The plaintiff was an employe of defendant, engaged with others in painting the roof of the mill house with hot pitch. Under the direction of a foreman he went on top of the house, and was there engaged in receiving the buckets of pitch from the edge of the roof, where they were drawn up from the ground by a pully, and carrying them to the place where the pitch was being applied to the roof by other laborers. There were some telephone wires near where the buckets were received by plaintiff, and in an effort to disentangle one of the buckets which had caught on the wires, plaintiff, in some unknown way, lost his balance and fell, the hoisting apparatus and the bucket of pitch falling with him. Plaintiff was badly bruised by the fall and burnt by the pitch. He sued for his damages. The court below gave a peremptory instruction and judgment for defendant, and the plaintiff appealed to the supreme court.


*Dabney & McCabe,* for appellant.

The apparatus having fallen, and being sound, as alleged by the witnesses for the defendant, in its several parts, must have been improperly placed on the roof.

It was a matter for the jury to say whether it fell because not properly placed. *Mississippi, etc., R. R. Co.* v. *Mason,* 51 Miss., 234 (243 and 244). It seems reasonably certain from the testimony that the fall was due to the fact that the apparatus was not properly placed.

It is certain that the position that the plaintiff was placed in was a very difficult one to fill, and the employer should have

been more mindful of the welfare of an ignorant laborer than seems to have been the case in this instance.

It was admitted that the defendant is a corporation. The act of 1896 (Laws, p. 97) amending the code of 1892, § 3559, makes all "corporations" liable in case of injury to servants growing out of defective machinery, ways and appliances, even though the injured party had knowledge of the defective ways and appliances.

The master is bound to use care, and must furnish suitable machinery, safe, fit and proper appliances for the servant in his employment. Woods on Master and Servant, 684.

The fact of the apparatus falling is a landmark which cannot be overlooked. It is a fact full of important significance; it is a fact which overthrows every theory of the defendant; it is a fact which shows conclusively that there was something wrong. Again we ask, should not these facts have been allowed to go to the jury?

The concurrent facts of the fall of the man, and the fall of the appliance, are connected together in such a way as to show that the man's fall must have been the result of the fall of the appliance. At all events, if the jury should have so found, would the court have been justified in saying that such was not the fact?

*Miller, Smith & Hirsh,* for appellee.

In Thomas on Negligence Rules, Decisions and Opinions, p. 574, under the heading "Presumption of Negligence," this language is used: "The principle is basic that the mere happening of an accident through the existence of a defect, does not *per se* impute negligence—that is, raise a presumption of negligence; but evidence must be given tending to show that the defect existed by reason of some culpable act or omission of the person charged."

This author further says:

"This rule is of very general application, and exceptions to it are limited, and may be classified under two heads:

"(1) When the relation of carrier and passenger exists, and the accident arises from some abnormal condition in the department of actual transportation.

"(2) Where the injury arises from some condition or event that is in its very nature so obviously destructive of the safety of persons or property, and is so tortious in its quality, as, in the first instance at least, to permit no inference save that of negligence on the part of the person in control of the injurious agency.

"This second class principally concerns injuries to people in the street from flying missiles, obstructions, excavations and the like, but it may also include casualties in any relation where the elements stated in the definition are present." *LeBaron* v. *East Boston Ferry Co.,* 11 Allan (Mass.), 316; *Wabash, etc., Railroad Co.* v. *Locke,* 2 Am. St. Rep., 193, s.c. 112 Ind., 404; *Laughlin* v. *Buffalo, etc., Railroad Co.,* 60 Am. St. Rep., 433, s.c. 136 N. Y., 136; Wharton on Negligence, sec. 116; Whittaker's Smith on Negligence, p. 421; *Burke* v. *Wetherbee,* 98 N. Y., 562; 19 Am. & Eng. Enc. L., p. 67.

WHITFIELD, J., delivered the opinion of the court.

There may be cases where the mere proof of the accident furnishes presumptive proof of negligence; as where persons passing along a street are injured by the falling out upon them of a wall (*Mullen* v. *St. John,* 57 N. Y., 567, s.c. 15 Am. Rep., 530), or where one passing under defendant's bridge over a highway was injured by a brick falling from the mason work thereof. L. R., 6 Q. B., 759. And see other illustrations in note to *Barnowski* v. *Helson,* 15 L. R. A., 33. But even in these cases it is more accurate to say that the proof of the accident involves necessarily the proof also of negligence, than that the negligence is presumed without proof of it.

But in this case we do not think these decisions help appellant. The most reasonable conclusion from the testimony is that appellant in some way lost his balance, and in falling jerked "the

horse" out with him in his fall. "The horse" might be perfectly adapted to the use for which it was designed, and yet not be able to withstand so violent a wrench as a falling man would thus give it. And so the fact that "the horse"—that part of the apparatus—fell also, does not properly have the effect of showing that the apparatus was improperly placed or adjusted. It might have been properly placed and adjusted, and yet *non constat* but that such an extraordinary wrench as a falling man might give it would jerk it out of place. We think the learned court below reached the right conclusion.

*Affirmed.*