## TENANT DAMAGED FROM BURSTING OF WATER PIPE.

Common Pleas Court of Hamilton County.

MORITZ ALTMAN v. CHARLES P. DEVOU.*

Decided, June, 1915.

*Landlord and Tenant—Application of the Doctrine of Res Ipsa Loquitur
—To the Bursting of a Water Pipe Causing Damage to Tenant's
Stock of Goods.*

Where a water pipe burst on premises controlled by the defendant and
water ran down on the stock of goods of the plaintiff in the store
below, and no evidence is introduced showing the cause of the
bursting of the pipe, the doctrine of *res ipsa loquitur* applies and
the issue of negligence on the part of the defendant should be
submitted to the jury.

*Oliver S. Bryant,* for plaintiff in error.
*Jackson & Woodward,* contra.

HOFFMAN (Fred. L.), J.

This action comes into this court on error from the municipal court of Cincinnati. The plaintiff in error was a tenant under a lease from the defendant in error, of the ground floor of certain premises. During the month of February, 1914, a water pipe located on the second floor of the premises burst and the water ran down and injured the stock in the store of the plaintiff in error. All of said premises with the exception of said ground floor was under the control of the defendant in error. No evidence was introduced at the trial showing the cause of the bursting of the water pipe. At the close of all the evidence defendant in error moved for judgment and the court granted said motion on the ground that no negligence had been shown to have been occasioned by the defendant in error. This court is of the opinion that this case comes within the rule of *res ipsa loquitur.*

*Affirmed by the Court of Appeals March 9, 1916, in a memorandum
opinion.

"Where a thing which causes the injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence in the absence of explanation by the defendant that the accident arose from want of care." *Cincinnati Trac. Co.* v. *Holzenkamp,* 74 Ohio St., 379; *Cleveland, C., C. & I. Ry.* v. *Walrath,* 38 Ohio St., 461.

In the case of *Greco* v. *Bernheimer,* 17 Misc. (N. Y.), 592, the property of a tenant was damaged by the flooding of water from above. There being no proof of the cause, the court held:

"The fact that an overflow of water occurs on the floor occupied by defendant is sufficient to charge him with liability for injury to tenants on floors below in the absence of any explanation negativing want of care on his part."

The court said at page 678:

"As the defendant was in the exclusive possession of the third loft from which the water came, the overflow was sufficient *prima facie* to fix liability against him in the absence of some explanation negativing want of care on his part. Of course there must be some reasonable evidence of negligence, but where, as the court said in *Mullen* v. *St. John,* 57 N. Y., 571, the thing is shown to be under the management of the defendant or his servants, and the accident is such that in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence in the absence of explanation by the defendant that the accident arose from want of care."

In *Simon-Reigel Cigar Co.* v. *Battery Co.,* 20 Misc. (N. Y.), 598, the syllabus is:

"Where water in a part of a building exclusively occupied by one tenant is negligently allowed to overflow and damage the property of another tenant in the building, the former is liable to the latter for such damage. The proof of the overflow is sufficient *prima facie* evidence of such negligence."

The court is therefore of the opinion that the issues of negligence should have been submitted to the jury. Cause remanded for a new trial to the court below.