SUSAN C. CONOVER, APPELLANT, v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, RESPONDENT.

Submitted December 9, 1918—Decided March 3, 1919.

The doctrine of *res ipsa loquitur*, as tending to establish *prima facie* negligence is only applied where there is an essential element present, that is proof of the existence of the cause or thing which was alleged to have been the negligent act which produced the injury, or proof of such facts from which the existence of such cause or thing constituting the alleged negligent act is the only reasonable inference that can be properly drawn, and that such negligent cause or thing producing the injury is in the possession of and under the control or management of the person charged with negligence or of his servant.

On appeal from the Supreme Court.

For the appellant, *Henry C. Beecher*.

For the respondent, *Frederic B. Scott*.

The opinion of the court was delivered by

KALISCH, J.   The appellant, who was the plaintiff below, appeals from a judgment entered on a verdict directed, by the trial judge, for the defendant.

The sole question before us, is, whether there was any evidence tending to establish the negligence of the defendant as alleged in the plaintiff's complaint. If there was such evidence then the plaintiff was entitled to have the cause submitted to the jury for its determination.

The complaint contains three counts. The first count charges that the defendant "negligently and improperly caused and permitted said car platform to become, be and remain out of repair and in a defective condition, whereby the plaintiff tripped upon an unrepaired, defective and dangerous part of said car platform and was thrown down," &c. The second and third counts set out no additional fact, but reiterate that the defendant negligently caused and permitted the platform of the passenger car to be and remain out of repair.

The undisputed facts are, that the plaintiff in the daytime was a passenger on one of the respondent's coaches going to Morristown. When the train arrived at the Morristown station the plaintiff left her seat for the purpose of alighting. There were several male passengers who preceded her to the door and who walked out on to the platform and alighted from the car. The plaintiff then proceeds to describe how she met with her injury. She says: "I went in just the natural way from my seat to the platform. There was something on the platform of the car that caught my heel; it was torn off and I was thrown so violently forward, and I put out my left hand to catch the rail or recover my balance. In doing so both feet slipped from under me and I struck my thigh on the steps of the car." She then states that the trainman or conductor picked her up and helped her to a seat, and that the trainman got off and picked up the heel from under the car somewhere; that the nails, six or eight of them, were all sticking up straight in the heel, protruding about a half of an inch; that there were no nails sticking out of the shoe and that the only part left of the heel of the shoe was the leather to which the heel had been attached; that she did not notice the platform; that something stuck up on the platform that caught her heel; that she did not see what it was, but

felt something hold her heel and throw her forward. The only other testimony as to what happened came from the brakeman, a witness for defendant, who said that almost immediately after the accident he examined the platform to ascertain whether there was any foreign substance or anything slippery on the platform, and that there were no obstacles, slips or holes on or in the platform or steps.

The contention of appellant's counsel is, that the given facts were sufficient to warrant their submission to a jury, for the reason that a jury could have properly inferred therefrom that the cause of the plaintiff's injury was owing to some defect in, or by some substance or obstacle on the platform, negligently placed or permitted to remain there by defendant, and by which means the plaintiff's heel was caught and wrenched from the shoe. Concretely stated, the appellant's insistence is, that the doctrine of *res ipsa loquitur* is applicable to the facts, as related, and that those facts unexplained tend to establish *prima facie* negligence.

In well-considered cases resting upon the application of the doctrine of *res ipsa loquitur,* as tending to establish *prima facie* negligence and where liability was upheld, it will be invariably found that in every instance there was an essential element present, that is proof of the existence of the cause or thing which was alleged to have been the negligent act which produced the injury, or proof of such facts from which the existence of such cause or thing constituting the alleged negligent act was the only reasonable inference that could be properly drawn, and that such negligent cause or thing producing the injury was in the possession of and under the control or management of the person charged with negligence or of his servant. *Byrne* v. *Boadle,* 2 *Hurlst. & C.* 722; *Scott* v. *London, &c., Dock Co.,* 3 *Id.* 594; *Briggs* v. *Oliver,* 4 *Id.* 403; *Smith* v. *Railway Co., L. R.,* 2 *C. P.* 4; *Cotton* v. *Wood,* 8 *C. B.* (*N. S.*) 568; *Welfare* v. *The London and Brighton Railway Co., L. R.,* 4 *Q. B.* 693; *Higgs* v. *Maynard,* 12 *Jur.* (*N. S.*) 705. The case of *Mullen* v. *St. John,* 57 *N. Y.* 567, is a leading case in that state on the subject. The leading

case in this state is *Bahr* v. *Lombard Ayres & Co.*, 53 N. J. L. 233. A number of these cases are cited and commented upon by Mr. Justice Depue, in *Excelsior Electric Co.* v. *Sweet*, 57 *Id.* 224, 228. The doctrine of *res ipsa loquitur*, with its limitations, is fully discussed by Mr. Justice Gummere in *Sheridan* v. *Foley*, 58 *Id.* 230, 232. For other cases see *Cons. Tract. Co.* v. *Thalheimer*, 59 *Id.* 474; *Trenton Passenger Ry. Co.* v. *Cooper*, 60 *Id.* 219; *Newark Electric Co.* v. *Ruddy*, 62 *Id.* 505; *Bergen County Traction Co.* v. *Demarest*, *Id.* 756; *Mumma* v. *Easton and Amboy R. R. Co.*, 73 *Id.* 653, 658; *Coss* v. *Sanger*, 77 *Id.* 412; *Levendusky* v. *Empire Rub. Mfg. Co.*, 84 *Id.* 698; *Hughes* v. *Atlantic City and Shore R. Co.*, 85 *Id.* 212.

Ascribing to the testimony and circumstances of the present case their widest range and import, they fail to give rise to any reasonable and permissible inference that the plaintiff's injury was due to a defective platform or to something placed thereon by the defendant's servant or by a stranger, and if by a stranger that the obstruction, or whatever it was, was there long enough to have been discovered by the defendant's servant in the exercise of reasonable care.

The plaintiff says that there was something on the platform that caught her heel. According to her story it was not due to any defect in the platform, for she says, "I know something stuck up, was there that caught my heel." She further testified that she had no idea what it was but that she felt something catch her heel.

An undisputed fact in the case was that an examination of the platform immediately after the accident disclosed no structural defects, and no obstruction on or anything sticking up from the platform, which was the ordinary one, in general use on railroad coaches. Moreover, the statement of the plaintiff that there was something sticking up from the platform which caught her heel is based upon pure conjecture and clearly of no probative force. Without any proof that the "something that stuck up" was visible to the ordinary prudent person and was a part of the platform and in the exercise of ordinary care could have been discovered by defendant

company, or was an object placed there by defendant's servants, or if placed there by a passenger had been there long enough for the servants of the company to discover in the exercise of ordinary care, there were no facts from which negligence of the company could be reasonably inferred.

The trial judge properly directed a verdict for the defendant.

Judgment is affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.

*For reversal*—None.