Van Voorhis, J.
(dissenting). The duty of the owner to supply the contractor’s workmen with a safe place to work, either at common law or under section 200 of the Labor Law, is not held to extend to dangers arising from the nature of the work undertaken by the contractor. This contractor undertook to make alterations increasing the number of living units in an apartment house. The work contracted to he performed included the remodeling of a ceiling which fell upon two of the contractor’s employees while they were working upon it. The contractual specifications stated: “ The work covered in this contract includes all necessary plastering of walls and ceilings *999 throughout the area covered by this alteration. Sound plastering may remain hut defective plaster is to be removed ”. The weight of the ceiling was supported in part by its design in the form of an arch. When these employees chiseled a channel through the plaster of the ceiling near the walls, in the performance of the work, the arch support was removed and the ceiling fell. It seems to me that this was a danger arising from the performance of the work contracted to be performed and not from neglect of the owner to furnish a safe place to work. This is an instance where the prosecution of the work itself creates the danger, in which event the owner is not liable (Kowalsky v. Conreco Co., 264 N. Y. 125; Mullin v. Genesee County Elec. Light, Power & Gas Co., 202 N. Y. 275). The owner had retained no possession or control of the place where the work was performed nor directed the contractor or his employees concerning how the work was to be accomplished. The ceiling had been constructed many years before the defendant owner acquired the property. The situation is similar to that in Engel v. Eureka Club (137 N. Y. 100, 105-106) where this court said: “ It is the general duty of the owner of premises to keep the walls of his building in a safe condition, so that they will not endanger his neighbor by falling, and if he negligently omits its performance and his neighbor is injured, the injury is actionable. (Mullen v. St. John, 57 N. Y. 567.) But the evidence is undisputed that the wall was safe and would not have fallen if it had been left as it was when the contract was made, supported by the roof. It was not a menace in its existing condition. It became dangerous only in consequence of the manner in which the contractor proceeded to take it down.”
This unfortunate accident undoubtedly arose out of and in the course of the employment of these men by the contractor. The remedy of workmen’s compensation is provided for exactly this kind of situation, but no further remedy against the owner is furnished by law under these circumstances.
The judgment insofar as it pertains to the plaintiffs should be reversed and the complaints dismissed.
Judgment affirmed.