FRANCIS P. RYDER v. PLUMMER P. KINSEY.[1]

July 10, 1895.

Nos. 9483—(221).

| 62 | 85 |
| d80 | 241 |
| 62 | 85 |
| 84 | 425 |

**Dangerous Premises—Duty of Owner.**

The owner of a building is not an insurer against accident from its condition, but, so far as the exercise of ordinary care will enable him to do so, he is bound to keep it in such condition that it will not, by any insecurity or insufficiency for the purpose to which it is put, injure any person rightfully in, around, or passing it.

**Same—Latent Defect—Burden of Evidence.**

Where a building falls without any apparent cause, in the absence of explanatory circumstances, negligence will be presumed, and the burden is upon the owner of showing that he exercised ordinary care to keep it in a safe condition; but where it appears from such explanatory circumstances that the cause of the fall of the building was a latent defect in its construction, and there is no evidence tending to connect such cause with the owner's negligence, the burden rests upon the party asserting such negligence to show that such cause might have been discovered and removed before the accident by the exercise of ordinary care on the part of the owner.

**Same—Evidence—Verdict.**

Evidence considered, and *held* that the jury were properly instructed to return a verdict for the defendant.

Appeal by plaintiff from an order of the district court for Ramsey county, Egan, J., denying a motion for a new trial. Affirmed.

*Charles N. Akers* and *D. D. Williams*, for appellant.

It is the duty of the owner of a building to keep it in proper order, so that no one may be injured by it. Barnes v. Beirne, 38 La. Ann. 280; Tucker v. Illinois C. Ry. Co., 42 La. Ann. 114, 7 South. 124; 2 Shearman & Redfield, Negligence, § 702. The falling of the walls and signs without apparent cause raised a presumption of negligence. Morris v. Strobel, 81 Hun, 1, 30 N. Y. Supp. 571; St. Louis, I. M. & S. R. Co. v. Hopkins, 15 S. W. 610, 54 Ark. 209; Mullen v. St. John, 57 N. Y. 567. That the premises were in posses-

[1] Reported in 64 N. W. 94.

sion of a tenant is no defense.    Swords v. Edgar, 59 N. Y. 28;   City of Lowell v. Spaulding, 50 Am. Dec. 775, 780.    Plaintiff was not a trespasser, but was engaged in a duty imposed by law.    Metallic C. C. Co. v. Fitchburg R. Co., 109 Mass. 277; 2 Thompson, Negligence, 1046 (citing Cleveland v. Spier, 16 C. B. [N. S.] 399).    There is no evidence of contributory negligence.    Johnson v. Northwestern Tel. Exch. Co., 48 Minn. 435, 51 N. W. 225.

*Batchelder & Batchelder*, for respondent.

The question of negligence was for the court.    Abbett v. Chicago, M. & St. P. R. Co., 30 Minn. 482, 16 N. W. 266;   Freeberg v. St. Paul Plow Works, 48 Minn. 99, 50 N. W. 1026;   Thompson v. Pioneer Press Co., 37 Minn. 285, 33 N. W. 856;   Baulec v. New York & H. R. R. Co., 59 N. Y. 356.    Plaintiff must show that he was acting in a way that did not tend to produce the injury.    Murphy v. Deane, 101 Mass. 455;   Chaffee v. Boston & L. R. Co., 104 Mass. 108;   Gavett v. Manchester & L. R. Co., 16 Gray, 501;   Larson v. St. Paul & D. R. Co., 43 Minn. 488, 45 N. W. 1096.    Plaintiff was a trespasser. Trask v. Shotwell, 41 Minn. 66, 42 N. W. 699;   Sweeney v. Old Colony & N. R. Co., 10 Allen, 368.    Defendant neither did nor omitted any act in violation of a legal duty.    Rosenfield v. Newman, 59 Minn. 156, 60 N. W. 1085;   Sutton v. New York C. & H. R. R. Co., 66 N. Y. 243;   16 Am. & Eng. Enc. Law, 463, 464;   Larson v. St. Paul & D. R. Co., supra.

START, C. J.    Action to recover for personal injuries sustained by the plaintiff's minor son, Charles Ryder, caused by the falling of a brick-veneered wall of a building owned by the defendant. On the trial, after the plaintiff had closed his case, the court directed the jury to return a verdict for the defendant, for the reason that the plaintiff had failed to establish his cause of action.    The plaintiff appeals from an order denying his motion for a new trial.

The plaintiff's evidence tended to establish the following facts: In 1885 the defendant purchased a lot on Fifth street, in the city of St. Paul, upon which stood a one-story brick-veneered building, which he has ever since leased for store and office purposes.    The last lease made by him was in the spring of 1894 to the present tenants.    On June 27, 1894, about midnight, Charles Ryder, 19 years

of age, in company with McMahon, a boy about his own age, was walking along Fifth street, and saw a policeman in front of the building, who was trying to take down a sign therefrom, which hung over the sidewalk. This sign was about 3½ feet square, made of oil cloth, with a light wooden frame. It had been suspended by two small iron hooks from a piece of timber, 2x4 inches, extending from the front of the building over the sidewalk, and supported by two guy wires attached to its outer end, and fastened to the sides of the building. It does not appear that it was attached in any way to the part of the wall which fell. The outside hook had become detached from the sign (presumably by a severe storm in the early part of the evening), so that it hung by the one hook. The policeman informed the young men that he feared the sign would fall upon persons passing, and asked them to assist him in taking it down. They assented, and, after striking and pushing the sign with a stick, the policeman and Ryder raised McMahon up, holding him by the legs, and he gave the sign a twist to detach it from the remaining hook, and at that very instant the whole front of the building above the door and windows fell, crushing Ryder to the sidewalk, breaking his pelvic bone, and otherwise seriously injuring him.

The building was some 13 feet wide and 15 feet high to the peak of the roof. There was a lintel 8x8 inches over the openings in front, and a 4-inch brick wall, the one that fell, extended above the lintel as high as the peak of the roof. In the rear of this brick wall were six pieces of timber 2x4 inches, fastened together so as to make three pieces 4x4 inches, one at each corner and one in the center; and between these there were studding 2x4 inches, about 2 feet apart. There was no sheeting on the outside of the studding next to the brick, but there was on the inside. The brick-veneered wall was not spiked to the studding or sheeting, or anchored to the frame in the customary manner, or attached to them in any way, or otherwise supported. There was fastened to the outside of the wall, and fell with it, a large wooden sign 5x13 feet, which was upon the building when defendant purchased it. Practically, there was no change in the construction of the building or its condition from the time the defendant bought it until the wall fell. The evidence further tends to show that the customary and proper

way to support a veneered brick wall is to sheet or board up the frame on the outside of the studding next to the brick, then lay the brick along and outside of the sheeting, and bind the brick wall, during the progress of its construction, to the frame of the building, by driving 20-penny nails every fifth or sixth course of the bricks into the boards of which the sheeting is composed, so that the nail heads will remain in the mortar at about the center of the bricks. This is what is meant by "anchoring" or "supporting" a brick or veneered wall. These defects in the construction of the wall were discovered after it fell, but there was no evidence in the case as to whether such defects could or could not have been discovered by the exercise of ordinary care on the part of the owner before the wall fell, except as may be inferred from the facts we have stated.

Upon this evidence, was the question of the defendant's negligence in the premises one of law or fact or for the jury? If fairminded men might reasonably draw different conclusions from the facts which the evidence tends to prove, the question was one for the jury; otherwise it was for the court. If there is a fair doubt as to the inferences to be so drawn, the question is one of fact. Abbett v. Chicago, M. & St. P. R. Co., 30 Minn. 482, 16 N. W. 266.

The law applicable to this branch of the case is well settled. While the owner of a building is not an insurer against accidents from its condition, yet, so far as the exercise of ordinary care will enable him to do so, he is bound to keep it in such condition that it will not by any insecurity or insufficiency for the purpose to which it is put injure any person rightfully in, around, or passing the premises. Nash v. Mill Co., 24 Minn. 501; 2 Shearman & Redfield, Negligence, § 702; 1 Wood, Nuisance, § 109. Buildings properly constructed do not fall from slight causes, but fall only from some adequate cause. Therefore, where a building falls without apparent cause, in the absence of explanatory circumstances, negligence will be presumed; and the burden is upon the owner of showing that he exercised ordinary care to keep it in a safe condition. Mullen v. St. John, 57 N. Y. 567; 1 Shearman & Redfield, Negligence, §§ 59, 60; 2 Thompson, Negligence, 1231.

In the case under consideration, the evidence as to what was done by the plaintiff and those with him in taking down the small,

light sign from the building in question would certainly justify the jury in finding that such act was not an adequate cause for the falling of the wall. The presumption then would be, in the absence of explanatory circumstances, that the wall fell because it was in an unsafe condition, and that the defendant was negligent in not exercising ordinary care in properly inspecting and keeping it in repair. But it is only in the absence of explanatory circumstances as to the cause of the fall of a building that the presumption of negligence on the part of the owner is presumed prima facie. Therefore, where such explanatory circumstances are given in evidence, and the cause of the fall of the building is established, and there is nothing in the evidence tending to connect such cause with the owner's negligence, the burden rests upon the party asserting such negligence to give evidence tending to show that such cause might have been discovered and removed by the exercise of ordinary care on the part of the owner. The cause of the fall of the wall is clearly established in this case. It fell because of a defect in its construction, in that it was not supported in the usual manner. This was readily discovered after the accident, when the bricks were on the sidewalk, and the manner of constructing the wall was exposed.

It is easy to be wise after the fact, but the question is, did the defendant know, or might he have known, by the exercise of ordinary care, before the accident, of the defect in the construction? If so, he would have been clearly negligent in the premises. But he did not build the wall, and there is no evidence in the case that there was anything in the external appearance of the building indicating its defective construction. On the contrary, it affirmatively appears by the uncontradicted evidence that the defect in the construction was a concealed one. Neither is there any evidence in the case tending to show that the defect could have been discovered by the exercise of ordinary care in inspecting the building. The prima facie presumption arising from the undisputed facts is that the defect could not have been discovered by the exercise of such care; for the sheeting on the inside of the studding and the brick wall on the outside of them concealed the defect, and the absence of sheeting next to the brick wall and the anchoring of it to the sheeting by the large nails could not have been discovered, by any means disclosed by the evidence, except by the exercise of extraor-

dinary care in inspecting the building, by making openings in the sheeting or wall to discover whether or not the wall was properly supported. Ordinary, not extraordinary, care, was the measure of the defendant's duty in the premises. No importance can be attached to the fact that the large sign was fastened to the brick wall, for, assuming that the wall was properly constructed, it could not be negligence to fasten the sign to it, and there was nothing about the sign or the manner in which it was attached to the wall to indicate the latent defect in the wall.

Upon the whole record, we are satisfied that the presumption of negligence arising from the mere fact that the wall fell was rebutted by the explanatory circumstances disclosed by the evidence, showing the cause of its fall, and that the defect was a latent one; and that, in the absence of any evidence disclosing any fact or circumstance from which it might be reasonably inferred that such defect could have been discovered by the exercise of ordinary care on the part of the defendant, the question of his negligence is not one admitting of a fair doubt, and that the jury were correctly instructed to return a verdict for him. Any other rule would practically make owners of buildings insurers of their safety.

Order affirmed.