## PATTERSON v. JOS. SCHLITZ BREWING CO.

1.  Under Comp. Laws, § 3603, declaring one responsible for injury to another by his want of ordinary care in the management of his property,

16 S. D.—3

the owner, though having no actual notice or knowledge of the defect in his building, may, because of his failure to exercise proper care in ascertaining its condition, be responsible for injury from its fall.

2.  The liability of the owner of a building to one injured by its fall, being from the fact that it was in a dangerous condition when leased, which fact the owner by reasonable diligence might have ascertained, it is immaterial whether it was leased for a dwelling or otherwise.

3.  A complaint stating that the owner permitted a building to collapse, and in so doing to instantly and without notice kill deceased, while he was rightfully and without negligence therein, alleges deceased's want of knowledge of its dangerous condition.

4.  The owner of a building who negligently allows it to become a nuisance before he leases it, is liable for injury to an employe of the tenant from its fall after he leases it, though he does not covenant in the lease to repair.

5.  Plaintiff in action for death of a person from the falling of a building, the owner being alleged to be negligent in not ascertaining its condition, may show how and of what the building was constructed, the complaint stating how it was constructed and that the reason it was a dangerous and unsafe building was because it was constructed of grout and had decayed.

6.  The falling of a building without any apparent cause is prima facie evidence of negligence of the owner.

(Opinion filed July 2, 1902)

Appeal from circuit court, Codington county.    Hon. JULIAN BENNETT, Judge.

Action by Emma Patterson against the Jos. Schlitz Brewing Company to recover damages for the death of plaintiff's husband who was killed by the falling of a building belonging to defendant.    Judgment for plaintiff.    Defendant appeals. Affirmed.

*Geo. W. Case* and *S. B. Van Buskirk* for appellant.

The complaint in this case does not allege nor does the

evidence show, that the defendant had any notice of any defect in the building, either before or at the time of the execution of the lease or at any time before it fell, or that the building was leased for the purpose of a dwelling house, but it is alleged and shown that it was leased to be used as a saloon; or that plaintiff's husband did not know of the condition of the building prior to the time it fell. The evidence does show that there were no covenants to repair on the part of the landlord contained in the lease. Under these facts plaintiff could not recover. Doyle v. Union Pac. Ry. Co., 13 S. C. R. (U. S.) 333-337; Lucas v. Coulter, 3 N. E. 622; Ryder v. Kinsey, 64 N. W. 94; Krouger v. Farrant, 13 N. W. 158; Wilkinson v. Clauson, 12 N. W. 147; Bowe v. Hunkinson, 135 Mass. 380; Brewster v. DeFreemy, 33 Cal. 341; McKensie v. Cheatham, 22 Atl. 469; Tuttle v. George Gilvert Mf. Co., 13 N. E. 465; Cowen v. Sunderland, 14 N. E. 117; Ahren v. Steele, 22 N. E. 193; Schwalbach v. Shinkle, Wilson Heries Co., 97 Fed. 463; Wabash, St. Louis & Pac. Ry. Co. v. Locke, 14 N. E. 391; Woods Landlord and Tenants, § 517; Taylors Landlord and Tenant, § 383; Sherman and Redfield on Negligence, § 790.

The plaintiff is in no better position to recover than the tenant, her husband being on the premises as an employee, and doubtless at the request of the tenants, at all events there by invitation of the tenant. Bowe v. Hankin, 135 Mass. 380; Robbins v. Jones, 15 C. B, (N. S.) 221; Jaffer v. Harteau, 56 N. Y. 398; Ryan v. Wilson, 87 N. Y. 471; Taylors Landlord and Tenant, § 175.

The trial court should have defined negligence to the jury as requested by the defendant. The Nitro-Glycerine Case, 15 Wall 524; Hoffman v. Water Co., 10 Cal. 413; Wolf v. Water

Co., 10 Cal. 541; Leser v. Buchanan, 51 N. Y. 476; Marshall v. Willwood, 38 N. J. L. 339; Railroad v. Locke, 14 N. E. 391.

*John B. Hanten and C. X. Seward,* for respondent.

It is not necessary to show that the defendant had actual knowledge of the defect. His duty was that of due care and ignorance of the defect was no defense, Mullen v. St. John, 57 N. Y. 567; Gill v. Middleton, 105 Mass. 477; Watkins v. Goodall, 138 Mass. 533; Readman v. Conway, 126 Mass. 374; Looney v. McLean, 129 Mass. 33; Ryder v. Kinsey, 64 N. W. 94; Denver v. Solomon, 31 Pac. 507; Lindsey v. Leighton, 22 N. E. 901, §§ 3603, 3737, Comp. Laws.

The defect charged was one of structural weakness and decay, due to the lapse of time, which plaintiff alleges could have been ascertained by defendant by the exercise of ordinary care. The defendant is charged with the leasing of a nuisance. This is the act complained of and that produced the injury. Nugent v. Railroad Co. 12 Atl. Rep. 797; Swords v. Edgar, 59 N. Y. 28; Edwards v. Railroad Co. 98 N. Y. 247; § 120, Shear & R, Negl.

Where only a portion of a building is let, the owner continues responsible for the condition of the remainder, both as to his tenants and the public. Looney v. McLean, 129 Mass. 33; Watkins v. Goodall, 138 Mass. 533. Toole v. Beckett, 67 Me. 544; Kirby v. Boylston Market Assn. 14 Gray 249; Redman v. Conway, 126 Mass. 374; Payne v. Irvin, 33 N. E. 756; Ward v. Eagan, 28 Mo. Appeal 116.

In all cases of this kind the question of contributory negligence is for the jury, to be determined from the facts and peculiar circumstances of each case. See 2 Thomp. Neg. 1178; Wharton, Neg. 420 and notes; Railroad Co. v. Hunt, 17 Wall.

657; Quimby v. R. R. Co., 23 Vt. 387; Laughoff v. R'y Co., 19 Miss. 576; Weed v. Ballston Spa., 76 N. Y. 320; Whittaker v. West Boylston, 97 Mass. 273; Briggs v. Taylor, 28 Vt. 183; Railroad Co. v. Van Steinburg, 17 Mich. 121.

CORSON, J.   This is an action by the plaintiff, as widow of Philip Patterson, to recover damages for the death of her husband, who was killed by the falling of a building in the city of Watertown, in June, 1897.   Verdict and judgment were in favor of the plaintiff, and the defendant has appealed.

On the trial the defendant objected to the introduction of testimony by the plaintiff for the following reasons: "First, That the complaint does not allege that the defendant had any notice of any defect in the building, either before or at the time of the execution of the lease or afterwards before it fell.   Second, The complaint does not allege that the building was leased for the purpose of a dwelling house, but that it was leased to be used as a saloon.   Third, Does not allege that the plaintiff's husband did not know the condition of the building prior to the time it fell.   Fourth, That the defendant, in the absence of covenants to repair in the lease, would not be liable for any injury caused by the condition of the building,   Fifth, That the complaint does not state facts sufficient to constitute a cause of action."   These objections were overruled, and this ruling of the court will be first considered.   The complaint states in substance, after the averments, that the defendant is a corporation, and that the plaintiff is the widow of Philip Patterson; that the said Patterson lost his life on the 21st day of June, 1897, by the falling of a certain building owned by the defendant situated in the city of Watertown; that part of the

said building, namely, the first floor and the basement, had been rented and let for hire by the said defendant to the firm of Berg & Olson on or about the first of March, 1897, and that it had been occupied by the said firm for saloon purposes; that the said Patterson, from about the first day of June, 1897, and until the time of his death, was in the employment of the said firm of Berg & Olson in carrying on said business in the said building; that at the time of the leasing of the said building to the said Berg & Olson by the defendant, and up to and including the 21st day of June, 1897, the said building was in an unsafe and insecure and dangerous condition, and liable to collapse and fall to the ground at any time, the same being constructed of grout, and having a grout foundation, and, the said foundation having rotted and decayed and showed signs of having so rotted and decayed, all of which conditions existed at the time of leasing the same, and during all of the time up to and including the 21st day of June, 1897; that these conditions could have been ascertained by the said defendant by the use and exercise of reasonable and ordinary care to keep the said building in a proper condition and fit for occupancy by human beings; that the said defendant leased the said parts of the said building to the said firm during the said time without exercising reasonable and ordinary care as to its condition, and negligently let and permitted the unsafe, insecure and dangerous condition of said building to exist during all of said time, and while the said Philip Patterson was employed therein; that the said defendant failed to exercise reasonable and ordinary care, and did negligently permit the said building to be in an unsafe and insecure condition and unfit for occupancy by human beings; that while so managing and controlling said

building and obtaining the profits of the same, and with authority to repair the same, it had permitted the said building to collapse and fall down, and in so doing to instantly and without notice, and while the said Philip Patterson was rightfully and without negligence on his part therein, cause his death, to the damage of the plaintiff in the sum of $2,000.

The first objection to the introduction of any testimony was that it was not alleged in the complaint that the defendant had any notice of the defect in the said building, either before or after the execution of the said lease and before the building fell. It will be observed that the complaint alleges that the defendant negligently permitted the said building to be in an unsafe condition, which resulted in its collapse, but it nowhere alleges that the defendant had any knowledge of the condition of the building or information as to its condition. The appellant strenuously contends that unless it is alleged in the complaint that the defendant had actual notice of the defect in the construction of the building it is not liable for the damage resulting from its fall. The respondent, on the other hand, contends that the owner of the building is responsible for any injury occasioned to another by his want of ordinary care, and that the law in this jurisdiction upon this subject is declared by section 3603. Comp Laws, which reads as follows: "Every one is responsible, not only for the result of his wilful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has. wilfully or by want of ordinary care brought the injury upon himself, The extent of liability in such cases is defined by the title on compensatory relief." The liability of a party for injuries resulting from the

want of ordinary care in the management of his property is thus clearly defined by our Civil Code. Under the rule as laid down in this section the allegation of actual notice or knowledge of the defect in the building is not required, for the reason that an owner of property would be liable for the damages resulting to a party from the collapse of a building by reason of his failure to exercise proper care in ascertaining the condition of the building; and such seems to be the rule in many of the states. Mullen v. St. John, 57 N. Y. 567, 15 Am. Rep. 530; Gill v. Middleton 105 Mass. 477, 7 Am. Rep. 548; Watkins v. Goodall, 138 Mass. 533; Readman v. Conway, 126 Mass. 374; Looney v. McLean 129 Mass. 33, 37 Am. Rep. 295; Ryder v. Kinsey, 62 Minn. 85, 64 N. W. 94, 34 L. R. A. 557, 54 Am. St. Rep. 623; City of Denver v. Soloman, 2 Colo. App. 534, 31 Pac. 507. As it is alleged in the complaint that the defendant failed to exercise proper care and was guilty of negligence in the management of the property, the complaint in that respect is clearly sufficient. The second objection—that the complaint does not allege that the building was leased for the purpose of a dwelling house, but was leased to be used for the purpose of a saloon,—presents no material question. The liability of the defendant arises from its alleged negligence in permitting a nuisance to exist, and it is not material whether the building was leased for the purpose of a dwelling house or otherwise, if it was in a dangerous condition when leased, which fact the defendant might by reasonable diligence have ascertained. The third objection,—that it is not alleged that the plaintiff's husband did not know of the dangerous condition of the building prior to the time it fell,—is not sustained, as the complaint does in effect allege that the said Philip Patter-

son, without notice, and while rightfully in the building was crushed and killed by its fall. Certainly this is, in effect an allegation that he did not know of the condition of the building. The fourth objection—that the defendant, in the absence of any covenant to repair in the lease, would not be liable for any injury caused by the condition of the building,—cannot be sustained for the reason that under the allegation of the complaint that the defendant negligently allowed the property to become a nuisance would preclude the defendant from making any defense to the action, if the allegations were in fact true. We are of the opinion that the complaint does state facts sufficient to constitute a good cause of action.

The defendant has assigned as error numerous rulings of the trial court upon the admission and rejection of evidence, the more important of which is the ruling of the court premitting the plaintiff to give evidence as to the manner in which the building was constructed and the materials used in its construction. The objection made was that the same was incompetent, immaterial and not within the issues of the case; that the construction of the building was not within the issues. The objection was overruled, and, we think, properly, for the reason that the manner in which the building was constructed was alleged in the complaint, and the reason why it was a dangerous and unsafe building was stated by the plaintiff to be that it was constructed of grout, and that the building had rotted and decayed. The evidence was therefore both competent and material for the purpose of establishing the plaintiff's case. We are of the opinion, therefore, that it was perfectly competent for the plaintiff to show the manner in which the building was constructed and the nature of the material used in its construction.

Without taking time to discuss each of the exceptions specifically, it is sufficient to say that we have examined them all carefully, and find no error in the rulings in either the admission or rejection of evidence.

The defendant requested the court to direct a verdict in its favor on the grounds heretofore stated in its objection to the introduction of testimony. This motion was denied, and properly so, for the reason before stated. The defendant thereupon requested the court to give the following instructions: "(1) If you find from the testimony in this action that Berg & Olson rented the premises described in the complaint from the defendant, and that there was no covenant in the lease to repair, on the part of the defendant, then neither Berg & Olson, or the persons by their permission or at their invitation, could recover for any injury received, in consequence of the fall of the building. (2) If you find from the testimony in this case that the building described in the complaint in this action was constructed in the year 1882, that it had been used during a greater portion of the time since for the purpose of a saloon, people congregating there, going in and out in the ordinary way such places are used, and that there was nothing about the appearance of the building to indicate that it was unsafe or insecure, or that it was constructed improperly or of improper materials then negligence cannot be imputed to the defendant. (3) The fact that the building described in the complaint fell at the time and under the circumstances disclosed by the evidence in this action will not of itself, as a matter of law, establish negligence on the part of the defendant. (4) You cannot impute negligence to a defendant; neither can you presume a defendant to have been guilty of negligence. The question of negligence

is one of fact, and must be proved the same as any other question of fact in the case, and you must, before you can return a verdict against the defendant, find from the evidence that it has been guilty of negligence. (5) Negligence means a want of such attention to the nature of probable consquences of an act or omission as a prudent man ordinarily bestows in acting in his own concerns or affairs; and if in this case you find that there was nothing in the condition or appearance of the building that fell upon Philip Patterson, at or prior to the time it so fell, to indicate to an ordinarily prudent person that it was in an unsafe or dangerous condition, then the plaintiff is not entitled to recover in this action. (6) Evidence has been given on the trial of this action tending to show that the defendant is a foreign corporation, and that none of its officers reside in this state; that it did not construct the building, but purchased it; that at the time of such purchase it caused said building to be examined, and that at that time it appeared to be an entirely safe and secure building, and that since that time the defendant has had no intimation, notice, or knowledge that its condition had changed; and if you find such to be the fact, then the plaintiff cannot recover in this action."

The first instruction requested was properly refused, for the reason that it does not correctly state the law. If the building was unsafe and liable to collapse prior to its being leased to Berg & Olson, and the defendant had notice of its dangerous condition or might, by reasonable care and diligence have ascertained its condition, it would be liable. Where a building has become a nuisance and is leased to a tenant, the owner is liable for any injury that may result from such nui-

sance to third parties when such owner has not exercised ordinary care and diligence in discovering its condition.

The second instruction requested was properly refused, for the reason that it ignores the important question of whether or not the defendant could have, by ordinary care and diligence, ascertained the true condition of the building, and the defendant, notwithstanding the existence of all the conditions stated in the instruction, might have been guilty of the grossest negligence in failing to discover its dangerous condition and liability to collapse.

The court properly refused the third request, for the reason that it does not correctly state the law. The fact that the building fell without any apparent cause is prima facie evidence of negligence on the part of the owner. In Ryder v. Kinsey, 62 Minn. 85, 64 N. W. 94, the supreme court of Minnesota, speaking upon this subject, says: ''Buildings properly constructed do not fall from slight causes. Therefore, when a building falls without apparent cause in the absence of explanatory circumstances negligence will be presumed; and the burden is upon the owner of showing that he exercised ordinary care to keep it in a safe condition.'' Mullen v. St. John, supra; 1 Shear. & R. Neg. § 5960; 2 Thomp. Neg. 1231. Again, the same court says: ''The presumption, then, would be, in the absence of explanatory circumstances, that the wall fell because it was in an unsafe condition, and that the defendant was negligent in not exercising ordinary care in properly inspecting and keeping it in repair.'' The same rule applies to the fourth instruction requested. The court properly refused the fifth and sixth requests for the reason that they do not state the law correctly applicable to this case. They embody the

theory as claimed by the defendant. But the court adopted the theory of the plaintiff, and this view of the trial court was, in our opinion, correct.

The court's charge to the jury seems to have been fair and satisfactory, as no exceptions were taken to it. The jury was instructed among other things, as follows: "As material and prominent questions of fact that are required to be answered by you before reaching a verdict in this case, I suggest the following: First. Was the building in question, at the time it was leased to Berg & Olson, insecure, dangerous, and a nuisance, and liable to collapse and injure or kill persons within or about it at any moment? Second. Was this known to the defendant company, or could it have been learned by the use of reasonable care? Third. Was the injury and death of Philip Patterson brought about in part by his own negligence? Before you can find a verdict for the plaintiff you must find an affirmative answer to the first question—that the building described in the complaint was a nuisance when rented; further, that either this was known to the defendant or could have been learned by the use of reasonable care. and, further, as a condition precedent to the plaintiff's recovery, a consideration of all the evidence in the case must disclose a want of negligence on his part." The authorities upon the subject are conflicting, and it is not easy to harmonize them; but the view taken by the court seems to be supported by the weight of authority. With reference to the liability of the owner for injuries to persons caused by defective and unsafe buildings, the following rule may be regarded as settled: If when let, the premises are in a condition dangerous to the public, or with a nuisance thereon, the owner may be liable to strangers for the injuries

resulting from such condition or nuisance if he had notice of the dangerous condition of the building, or could, by the exercise of ordinary care and diligence, have ascertained its dangerous condition. By renting the premises and receiving rent therefor he is to be regarded as authorizing the continuance of the nuisance. See Schwalbach v. Shinkle, Wilson & Kreis Co. (C. C.) 97 Fed. 483, and cases before cited.

The judgment of the court below and the order denying a new trial are affirmed.