JOHN MOODIE DRY GOODS COMPANY, Respondent, v. GILRUTH, Appellant.

(153 N. W. 383.)

(File No. 3754.   Opinion filed June 21, 1915.   Rehearing denied August 7, 1915.)

1.   **Landlord and Tenant—Injury to Tenant's Goods by Water from Collapsed Roof—Drainage Pipe on Other Premises—Contributary Negligence—Right to Recover Damages—Landlord's Duty and Liability.**

Goods of a tenant renting the south half of a storeroom were injured by water entering through a collapsed roof, caused by the clogging of the drainage pipe running from the roof through the north half of the store. Held, that tenant was not negligent in not preventing the clogging of the pipe, and that the landlord was bound, under the rule laid down in Civ. Code, Sec. 1297, to so use his property as not to unnecessarily or negligently injure the tenant's merchandise situated in the portion of the premises leased by it.

2. **Landlord and Tenant—Injury to Tenant's Goods—Damages— Ordinary Case—Landlord's Liability—Evidence, Admissibility.**
   Under Civ. Code, Sec. 1297, making one liable for injuries occasioned to another by want of ordinary care, **held**, that the landlord who leased the south half of a storeroom, is liable to the tenant for damages to his goods therein by caving in of the roof caused by clogging of a drainage pipe extending from the roof through the north half of the storeroom, and respondent's testimony is within this rule of damages.

3. **Landlord and Tenant—Injury to Tenant's Goods by Water— Measure of Damages—"Fair Market Value" as Reasonable Value.**
   Where the goods of a tenant, a retail clothier, were injured by water caused by caving in of the roof from clogging of the drainage pipe, **held**, the measure of damages, under Civ. Code, Sec. 2312, allowing all detriment proximately caused, is the difference in the fair and reasonable worth or market value of the goods immediately before and after the accident; that the retail selling price, and not the cost, is the "fair market value," such value being the price a thing will bring in a free and open market as between one who desires to sell and one who desires to purchase, in the ordinary course of business, irrespective of its original cost.

4. **Landlord and Tenant—Action for Injury to Tenant's Goods— Plea of General Damages—Evidence of Fair Market Value, Admissibility.**
   In an action for injury to a retail clothier's goods, tenant of a building whose roof caved in because of clogging of a drainage pipe, **held**, that evidence as to the fair market value of the goods before and after the injury is admissible, under a general allegation of damages.

Appeal from Circuit Court, Codington County.    Hon. CARL G. SHERWOOD, Judge.

Action by the John Moodie Dry Goods Company against A. C. Gilruth, to recover for damages to plaintiff's goods from water caused by caving in of a roof on defendant landlord's building.

From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Affirmed.

*Perry F. Loucks,* and *Arthur H. Hasche,* for Appellant.

*Case & Case,* for Respondent. ·

(1) Under point one of the opinion, Appellant cited: Hamilton v. Feary, 52 A. S. R. 485; Johnston v. Nichols, (Wash.) 145 Pac. 417; Bailey et al., v. Kelley, (Kas.) 145 Pac. 556; Thompson v. Clemens, reported in 60 L. R. A. 580; 1 Tiffany Landlord and Tenant, pp. 556-557, 574-6, 624-5, 627; Note to 34 L. R. A. (N. S.) 798, on p. 799; Russell v. Little, (Ida.) 42 L. R. A. (N. S.) 366; Walsh v. Schmidt, (Mass.) 34 L. R. A. (N. S.) 800. Note 11 Am. Negl. Rep. 321.

Appellant submitted that: Plaintiff, as tenant, was guilty of contributory negligence; and cited: Note on pages 808 and 831 et seq. of 34 L. R. A. (N. S.); Mesher v. Osborne, (Wash.) 48 L. R. A. (N. S.) 924.

Respondent cited: Patterson v. Jos. Schlitz Brewing Co. (S. D.) 91 N. W. 336; Waterhouse v. Jos. Schlitz Brewing Company, (S. D.) 94 N. W. 587; Kneeland v. Beare, (N. D.) 91 N. W. 56; Wertheimer v. Saunders, (Wis.) 2 Am. Neg. Rep. 481; Poole v. Becket, 67 Me. 544; Section 1297 Civ. Code. As to contributory negligence, Respondent cited: Acton. v. Fargo and M. Street Car Company, (N. D.) 129 N. W. 225; Lunvein v. Fort Dodge, B. M. & S. Ry. Co., 147 N. W. 309.

(2) Under point two of the opinion, Appellant cited: Missouri, K. & T. Ry. Co. v. Cadenhead, (Texas) 164 S. W. 395; Needham Piano and Organ Co. v. Hollingsworth et al., 40 S. W. 787; Sutherland on Damages, Vol. 4, Sec. 1098, pp. 3232 and 3233; Nightingale v. Scannell, 18 Cal. p 315; Central Coal and Coke Co. et al. v. Hartman, 49 C. C. A. 244, 111 Fed. 96; Casper v. Klippen, 63 N. W. 737; Note in 52 L. R. A. 53 to 57.

Respondent cited: Section 2312, Civ. Code; 19 American and English Encyclopedia of Law, page 1155; Lowe v. Conrad R. Co., 63 N. H. 557; Esch v. Chicago, etc. Co., (Wis.) 39 N. W. 129; Little Rock Junction R. Co. v. Woodrift, 49 Ark. 390; Bouvier's Law Dictionary; Century Dictionary; Kiernan v. Chicago, etc. R. Co., 123 Ill. 188; Calumet River R. Co. v. Moore, 124 Ill. 329; Montana R. Co. v. Warren, 6 Mont. 278.

(3) Under point three of the opinion, Appellant cited:

Robert v. Graham, U. S. 178 L. Ed. 791; Sec. 297 B., Bliss on Code Pleading; Robert v. Graham, 6 Wallace, 578; 1 Sutherland Damages, 763; Uransy v. Dry Dock (N. Y.) 23 N. E. 451; Section 2325, Civil Code.

McCOY, P. J. This suit was instituted by plaintiff, as owner of certain merchandise, to recover damages of defendant, as owner of certain premises, for negligently maintaining thereon an alleged insufficient drainpipe, whereby plaintiff's said merchandise became injured by water. There was verdict and judgment for plaintiff, and defendant appeals. It appears that at all times material to this controversy defendant was the owner of a· certain business building in the city of Watertown; that said building is 165 feet long and 50 feet wide, two stories high in front to a depth of about 30 feet, the remaining 135 feet back being one story. The first floor of said building constitutes a business storeroom, 165 by 50 feet. The roof over the one-story part, and being directly over the back portion of said storeroom is 135 by 50 feet, and which roof is of a saucer shape, sloping downward and inward from the outer edges to a center in the middle of said roof, and in which center there is a 6-inch diameter drainpipe leading from the center of said roof down through the storeroom to the sewer under said building; the water falling upon said roof running to the center thereof, and thence into such drainpipe and sewer. At the time of the occurrence of the alleged injury the plaintiff was occupying a portion of said building, with a stock of merchandise, being sold at retail, as a tenant of defendant. The portion of said building so occupied by plaintiff as such tenant, according to the terms of the written lease, was "the south half of the first floor and the undivided half of the second floor." Lengthwise, in the middle of the first floor of said storeroom, running east and west, is a row of pillars or posts dividing said room into the north and south halves; the plaintiff occupying the south one-half, under said lease. The said drainpipe leading from the saucer-shaped roof to the sewer is located entirely on the north half of said room, no part of said pipe being over or through any part of said building occupied or leased by plaintiff. The plaintiff contends that on the 13th day of April, 1912, during a heavy rain, the said drainpipe on the roof of said building, by and through the carelessness and neg-

ligence of defendant, became clogged and closed, and overcome, by a greater quantity of water than the same could carry off, so that water accumulated in large quantities upon said roof, and of greater weight than the posts supporting the same could bear up, and that said roof, and supports thereof, and the first floor of said building, weakened and gave way and collapsed, precipitating large quantities of water through and into said storeroom, thereby wetting, flooding, damaging, and injuring plaintiff's goods, wares, and merchandise, furniture and fixtures, consisting of dry goods, notions, and articles incident thereto.

There was much conflicting testimony pro and con as to whether defendant was guilty of negligence in permitting said drainpipe to become clogged, and also as to whether said pipe was negligently constructed, and also whether the supports thereof, and of said roof, were negligently permitted to become decayed, and also whether or not plaintiff was guilty of contributory negligence; but, as we view this case, this conflict was settled by the general verdict of the jury in favor of plaintiff, and such verdict will not be disturbed on appeal.

[1] It is contended, however, by appellant, that under the circumstances disclosed, respondent should not be permitted to recover, because, it being a tenant in the building, it was its duty to go upon said roof and prevent such drainpipe from becoming clogged, and that respondent at all times knew, or should have known, that such drainpipe was liable to become clogged, and that as such tenant, respondent should not recover damages by reason of any defective condition of said drainpipe, roof, or leased premises, and that, as to such defects, a tenant takes property under a lease caveat emptor, unless the defects or damages are of such a nature that they are known to the landlord and unknown to the tenant. Johnson v. Nichols (Wash.) 145 Pac. 417, and Bailey v. Kelley, 93 Kan. 723, 145 Pac. 556. We are of the view, however, that this rule contended for by appellant has no application to the facts of this case. If respondent had occupied said building under a lease of the whole building, or under a lease of that portion of the building whereon was situated the drainpipe, then we would have a different case. But, as we view the situation, the other portions of this building not covered by respondent's lease were as foreign to and as discon-

nected with its lease as if they were on entirely separate and distinct premises. Respondent had no control of, and no business upon, the portions of said premises not leased by it. As to the portions of said building and premises not leased by respondent, it was in the same legal situation as any stranger or third party. We are of the opinion that the rule governing this case is found in section 1297, Civil Code, which provides that:

"Every one is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has, willfully or by want of ordinary care brought the injury upon himself."

This section of our Code embodies the old and familiar rule that every man must so use his property as not to unnecessarily or negligently injure the property of his neighbor. It was the duty of appellant to so use the portions of said premises not leased by respondent as not to negligently injure respondent's merchandise situated in the portions of said premises leased by respondent. The decisions in Patterson v. Brewery Co., 16 S. D .33, 91 N. W. 336, and Waterhouse v. Brewery Co., 16 S. D. 592, 94 N. W. 587, are directly applicable to the circumstances of this case.

[2] It is contended by appellant that the measure of damages to respondent's merchandise applied on the trial was erroneous. None of respondent's merchandise was wholly destroyed, but was injured and damaged and stained and discolored and rendered unsalable by water and dirt. At the time of the accident this merchandise was situated upon the shelves of respondent in said store building, and being sold in the ordinary course of retail trade, and after the accident the same was cleaned and laundered and sold at retail in its injured and damaged condition. The principal witness for respondent on the question of damages was one Moodie, who testified, that he had been in the business of selling such merchandise for over 20 years, and that he knew the fair market value of such goods at the city of Watertown prior to and at the time of the accident, and that he knew the fair market value of such goods in their injured condition after the accident, and that in estimating such values he took into consideration and based the same upon the

retail selling price of such goods, and did not take into consideration the original cost price of such goods; that he based his testimony as to the worth of such goods upon what the same would have sold for had they not been injured and what they did sell for after being injured; that they were sold for the highest obtainable price after the injury. We are of the view that the measure of damage applicable in this case was the difference in the fair and reasonable worth or market value of said goods immediately before and after the accident. The "fair market value" of a thing, as applied to any particular time and place, means its reasonable worth at such time and place and in its then condition for any reasonable purpose for which it is adapted, and that the test of such market value is said to be the price such a thing will bring on a free and open market as between one who desires to sell and one who desires to purchase, in the ordinary course of business, irrespective of its original cost. 26 Cyc. 819. We are of the view that the testimony of respondent was fairly within the meaning of this rule or measure of damage. These goods were being sold in the course of retail trade at the time of the accident, and respondent was entitled to compensation for all the detriment approvimately caused thereby. Civil Code, § 2312.

[3] All this evidence of respondent was admissible under a general allegation of damage. No special damages were claimed, and no proof of special damage offered or received. Respondent is only seeking general damages for the market value or market price of said merchandise in its condition, and for the purpose for which it was being kept and sold at the time of the injury, and the true measure of such damage was what such merchandise would sell for—the price it would bring in the ordinary course of retail trade. This merchandise was not stored in bulk, or being kept for sale in bulk, so that bulk sale values were applicable; but respondent had the same on the shelves, and had all the paraphernalia, appliances, and help necessary to sell the same in the ordinary course of business at retail. This injury in no manner put an end to the business or destroyed the merchandise; but the business continued with the same stock of merchandise, with the same clerks and same appliances, and the question was what was respondent's proximate detriment caused by the flooding of said merchandise under those circumstances.

All assignments of error in relation to the reception or rejection of evidence, and as to the instructions of the court and errors of law, and alleged insufficiency of evidence, have been considered, and it will serve no useful purpose to further refer thereto.

Finding no error in the record, the order and judgment appealed from are affirmed.