HUDGINS v. HANN.

(Circuit Court of Appeals, Fifth Circuit. March 7, 1917.)

No. 2927.

1. MASTER AND SERVANT ⊜⇒315—LIABILITY TO THIRD PERSONS—DUTY TO KEEP PREMISES SAFE.

The general rule that a person is not liable for injury caused by another's negligence unless the relation of master and servant existed between them, the negligence of an independent contractor not rendering the contractee liable, does not apply where the law imposes upon the employer or contractee the duty to keep the subject of the work in a safe condition.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1241, 1244–1253, 1255, 1256.]

2. WORDS AND PHRASES—"INDEPENDENT CONTRACTOR."

An "independent contractor" is one who has the general control of the work with the right to determine what shall be done and the manner of doing it.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Independent Contractor.]

3. MASTER AND SERVANT ⊜⇒315—LIABILITY TO THIRD PERSONS—OWNER OF BUILDING—DELEGATION OF DUTY.

The ownership of a building imposes on the owner the duty of preventing its injuring another person or his property rightfully upon or near to

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

it so far as the exercise of ordinary care will enable it to be done, and his liability for failure to perform the duty cannot be escaped by his intrusting the performance of it to another, though he was free from negligence in selecting the persons to perform it.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1241, 1244–1253, 1255, 1256.]

4. NEGLIGENCE ⬤⟹44—OWNER OF BUILDING—LIGHTNING.

The owner of a building which had been injured by fire leaving a dangerous wall standing is liable for injuries to an adjoining owner caused by a fall of the wall when struck by the lightning, if a reasonably prudent person would have anticipated that the wall, in the condition it was was liable to fall as the result of a stroke of lightning.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 59.]

In Error to the District Court of the United States for the Northern District of Alabama; Wm. I. Grubb, Judge.

Action by Charles Hann against Mrs. Lucy P. Hudgins. Judgment for the plaintiff, and defendant brings error. Affirmed.

Sidney. J. Bowie and Hugh Morrow, both of Birmingham, Ala. (Cabaniss & Bowie and Tillman, Bradley & Morrow, all of Birmingham, Ala., on the brief), for plaintiff in error.

Augustus Benners and Borden Burr, both of Birmingham, Ala. (Percy, Benners & Burr, of Birmingham, Ala., on the brief), for defendant in error.

Before PARDEE and WALKER, Circuit Judges, and FOSTER, District Judge.

WALKER, Circuit Judge. On the 12th of December, 1914, a store building in the city of Birmingham, Ala., owned by the plaintiff in error (hereinafter referred to as the "defendant"), which adjoined another store building in which the defendant in error (hereinafter referred to as the "plaintiff") carried on business, was partially destroyed by fire. The fire left standing, without the supports it previously had, a wall adjoining, and extending considerably above, the building occupied by the plaintiff. Two days after the fire, the city building inspector notified the defendant's agents that the walls of the building were not in good condition and to make the necessary repairs. The defendant employed a reputable building contractor to do all that was considered necessary to make the walls safe. She also employed a reputable architect to supervise the contractor's work. The architect and contractor undertook the tasks for which they, respectively, were employed. No limit was put on the price of the work to be done. The contractor was to be paid, and was paid, the cost of his labor and material and 10 per cent. in addition thereto as his compensation, and the architect was paid for his services a commission on the total cost of the work. On the 21st day of April, 1915, the wall adjoining the plaintiff's store fell thereon, destroying and injuring property of his therein, and he brought this suit to recover damages so caused. The defendant was not negligent in the selection of the architect and contractor who engaged to comply with her instructions to do all that was necessary to make the wall safe. There was evidence tending to prove

that there was a negligent failure by the architect and the contractor to comply with their respective undertakings, and that the fall of the wall and the plaintiff's consequent loss and damage were attributable to such negligence.

It is insisted that the defendant's freedom from personal negligence exempted her from the liability asserted against her. The trial court ruled against this contention.

[1, 2] The general rule is that one person is not ordinarily liable for an injury produced by the negligence of another, unless the relation of master and servant exists between them; and that when such injury is done by an independent contractor—or one who has the general control of the work, with the right to determine what shall be done and the manner of doing it—the quasi employer, or contractee, cannot be held liable for an injury resulting from the negligence of such contractor, or his servants, in the performance of the work contracted to be done. This rule is not applicable where the law imposes upon the employer the duty to keep the subject of the work in a safe condition. Mayor and Aldermen of Birmingham v. McCary, 84 Ala. 469, 4 South. 630; 1 Thompson on Negligence, §§ 665–667, 1115.

[3] The ownership of a building or structure imposes upon the owner the duty of preventing its injuring another person or his property rightfully upon or near to it, so far as the exercise of ordinary care will enable this to be done. This social duty, imposed to protect the owner's neighbor from injury, is so far absolute in its nature that the former's liability for injury occasioned to the latter by a failure to fulfill the duty cannot be escaped by his intrusting performance of it to another. Ainsworth v. Lakin, 180 Mass. 397, 62 N. E. 746, 57 L. R. A. 132, 91 Am. St. Rep. 314; Bower v. Peate, 45 L. J. Q. B. (N. S.) 446; 1 Thompson on Negligence, §§ 1060, 1115.

We have been referred to a number of decisions to the effect that the owner is not liable in such a case as the instant one where he was free from personal negligence in the selection of those employed to make damaged structures on his premises reasonably safe. It seems to us that such decisions are inconsistent with the recognition and proper enforcement of the duty of the owner of property so to use it as not to injure another. He is not an insurer against injuries to others due to the faulty condition of a structure on his premises; but he is under a positive duty to keep his property from being a cause of danger to others rightfully on or near to it by reason of any defect in structure or condition of repair which reasonable care and skill can guard against, and liability for injuries resulting from a breach of this duty cannot be shifted by the owner to another selected to act in the former's stead, and who fails to exercise the requisite care and skill. Lauer v. Palms, 129 Mich. 671, 89 N. W. 694, 58 L. R. A. 67; Ainsworth v. Lakin, supra; Ryder v. Kinsey, 62 Minn. 85, 64 N. W. 94, 34 L. R. A. 557, 54 Am. St. Rep. 623; Marney v. Scott, 1 Q. B. (L. R.) 986; Webb's Pollock on Torts, 638. A proprietor's right to the use of his premises is not an absolute one, but is qualified and limited by the right of others to the lawful possession and enjoyment of their property. The continuance of a damaged structure on his property binds him to adopt such precautions as reasonable care and skill

suggest to avoid a physical invasion of another's premises by the fall or collapse of such structure. Mullen v. St. John, 57 N. Y. 567, 15 Am. Rep. 530; St. Peter v. Denison, 58 N. Y. 416, 17 Am. Rep. 258. The conclusion is that it was not error to refuse to direct a verdict in favor of the defendant.

[4] The falling of the wall occurred during a storm in which there was a high wind and lightning. There was evidence tending to prove that there was a stroke of lightning during the storm which caused or proximately contributed to the collapse of the wall. An exception was reserved to the part of the court's charge which dealt with this evidence. The purport of the instructions on this phase of the evidence was that, if the overthrow of the wall was due to its being struck by lightning, the defendant was not liable for an injury so caused, if a reasonably prudent person would not have anticipated that the wall in the condition in which it was permitted to remain was liable to fall as a result of a stroke of lightning; but that the defendant was liable for such injury if a reasonably prudent person would have reasonably anticipated that lightning was so apt to strike the wall and cause it to fall that such a person would not have permitted it to stand in the condition in which it was left. This amounted to saying that the owner of property should take precautions against dangers incident to such ordinary manifestations of the forces of nature as a reasonably prudent person would anticipate and guard against, but is not chargeable with negligence in failing to provide against a danger which a reasonably prudent person would not have anticipated or taken action to avoid. We are not of opinion that there is any just ground of complaint against the instruction in question. Certainly, it is not permissible for one to maintain a structure on his premises in such a condition that a reasonably prudent person would realize that it would become a source of danger to persons or property rightfully near by whenever an ordinary and reasonably to be anticipated force of nature might happen to come into play upon it.

An examination of the record in the light of the arguments of counsel has led us to the conclusion that it does not show the commission of any reversible error.

The judgment is affirmed.