## HUNT et al. v. JOHNSON et al.

(Court of Civil Appeals of Texas. Dallas. Nov. 25, 1911. Rehearing Denied Dec. 23, 1911.)

1. NUISANCE (§ 50*) — DAMAGES — DIMINUTION OF MARKET VALUE.

In an action for damages to residence property caused by the erection of a cotton gin and operating the same so as to constitute

a permanent nuisance, the measure of damages is the difference between the market value of such property immediately before the construction of the gin and its reasonable market value after the gin was put in operation.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 119; Dec. Dig. § 50.*]

2. NUISANCE (§ 49*) — ACTION FOR DAMAGES —EVIDENCE OF INJURY.

In an action for damages to residence property from a continuing nuisance, where the evidence showed the market value of plaintiffs' property immediately before the nuisance and immediately after, and did not show any change in such difference, the jury could infer that the difference existed at the time of the trial.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 115-117; Dec. Dig. § 49.*]

3. TRIAL (§ 251*)—INSTRUCTIONS—CONFORMITY TO ISSUES.

An instruction, in an action for depreciation in the value of property caused by defendants' maintenance of a nuisance, as to whether defendants in locating a cotton gin on a certain street made a reasonable or unreasonable use of the lot on which it was located, and to find for defendants if there was no unreasonable use, was properly refused, since the question at issue was not whether defendants exercised proper care in the location of the cotton gin, but whether plaintiffs' property was damaged, and, if so, the extent of such damage.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 590, 595; Dec. Dig. § 251.*]

4. NUISANCE (§ 54*)—ACTION FOR DAMAGES—INSTRUCTIONS—DAMAGES.

Where there was evidence, in an action for depreciation in residence property caused by defendants' maintenance of a cotton gin, that the increase of the damage from railroad trains, a canning factory, dust from the street, and odors from a sewer, by the erection of the gin, was so slight as to be trivial, an instruction that if the damage to the property was caused by railroad trains, etc., and any increase due to the gin was trivial, plaintiffs could not recover, was properly given.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 130; Dec. Dig. § 54.*]

5. TRIAL (§ 312*) — CUSTODY OF JURY — INSTRUCTIONS AFTER SUBMISSION OF CAUSE.

After the jury had failed to agree, the court called them back, and without request, but in the presence of appellants' counsel, who made no objection, instructed them orally that he would like them to go back and render a verdict if they could, telling them to be friendly and to discuss the case from an impartial standpoint. Held, that the action of the court was not reversible error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 744, 745; Dec. Dig. § 312.*]

6. WITNESSES (§ 268*) — CROSS-EXAMINATION —VALUE OF PROPERTY.

Where plaintiff, in an action for damages to his residence property by a cotton gin, testifies as to the value of the property, he may on cross-examination be asked what he would take for the property at the time of the trial; the question being designed to test his good faith.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 931-948; Dec. Dig. § 268.*]

7. APPEAL AND ERROR (§ 1056*)—REVIEW—HARMLESS ERROR — EXCLUSION OF EVIDENCE.

Where the evidence was sufficient to support a verdict, the exclusion of evidence that would not have affected the result was not reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187-4193; Dec. Dig. § 1056.*]

Appeal from District Court, Johnson County; O. L. Lockett, Judge.

Action by S. R. Johnson and another against Hugh Hunt and another. Judgment for plaintiffs, and defendants appeal. Affirmed.

See, also, 129 S. W. 879.

Wm. Poindexter, S. C. Padelford, and Stephens & Miller, for appellants. Phillips & Beldsoe and F. E. Johnson, for appellees.

BOOKHOUT, J. This suit was instituted by the appellees, S. R. Johnson and B. J. Copeland, each as the owner and occupant, with his family, of residence lots in or near the city of Cleburne, to enjoin the appellants, Hugh Hunt and Winfield Scott, from erecting and maintaining a gin in the vicinity of said lots and to recover damages on account of the erection and operation of said gin. The original petition was filed August 16, 1907, and the second amended original petition, on which the case was last tried, was filed November 7, 1910. The plaintiffs abandoned their efforts to enjoin the erection and operation of the gin, and elected to claim damages as the full measure of their recovery, alleging that each had been damaged in the sum of $750, in that his property had depreciated in value to that extent by the erection of said gin in the year 1907 and its maintenance during the years 1907, 1908, 1909, and 1910, up to the time of the filing of said second amended original petition. This depreciation in value was alleged to result from the operation of said gin so near to said lots and in such manner as to create a nuisance and to render each of said lots unfit for a home. The case was tried November 7, 1910, and resulted in a verdict and judgment in favor of each plaintiff in the sum of $500, from which this appeal is prosecuted.

[1] The first assignment of error presented in the brief of appellants assigns as error the third clause of the court's charge, reading as follows: "Now, if you believe from the evidence that the defendants constructed and operated their gin in the town of Cleburne in such close proximity to the plaintiffs' houses or either of them as to cause the dust, lint cotton, offensive odors, noises, or smoke to escape from said gin, and that they or either of them was carried by the wind into the plaintiffs' residences, or either of them, if such was the facts, and thereby caused injury to either of the plaintiffs as alleged in their petition so as to come within the definition of a nuisance, as hereinbefore defined and explained, and that the reasonable market value of said property of the plaintiffs

immediately before the erection of said gin was reduced by the building thereof, considering the reasonable market value of said places or either of them, immediately after the erection and operation of said gin, then you will find for the plaintiffs such sum of money as under all the facts and circumstances shown by the evidence as represents the difference, if any, between the market value of said property immediately before the building of said gin and the reasonable market value after said gin was constructed and in operation."

It is insisted that the measure of damage set out in said charge is incorrect, in that the charge conflicts with the opinion of the Supreme Court in the case of Sherman Gas & Elec. Co. v. Belden, 123 S. W. 119, 27 L. R. A. (N. S.) 237. We do not concur in this contention.

The suit was originally instituted by appellees for an injunction to prevent the building and operation by defendants of a gin, alleging that the building and operation of a gin in the residence portion of the city and in close proximity to their private residences would create a nuisance and damage their property. A temporary injunction was granted, but was afterwards dissolved. The gin was thereafter built and operated over the protest of appellees. The action was for damages caused by the erection of a gin plant so near the residences of plaintiffs and operating the same in such manner as to constitute a nuisance. The damages being of a permanent character, the measure of damages adopted by the court in his charge was correct. Hunt et al. v. Johnson, et al., 129 S. W. 879; Denison St. Ry. Co. v. O'Maley, 45 S. W. 227; Daniel v. Railway Co., 96 Tex. 327, 72 S. W. 579; Rosenthal v. Railway Co., 79 Tex. 325, 15 S. W. 268, 269; Railway Co. v. Schofield, 72 Tex. 496, 10 S. W. 575.

[2] It is assigned that the court erred in refusing to give special instruction No. 1 requested by the defendants, which is as follows: "There being no evidence before you as to the market value, or diminished market value, of the plaintiffs' property at the time of the trial, you are instructed to return a verdict for the defendants." The court did not err in refusing this charge. There was evidence showing the market value of plaintiffs' premises immediately prior to the erection and operation of the gin by appellants, and also the market value immediately after the erection and operation of the same, and, it not being shown that there had been any change in the same, the jury could infer that the same difference existed at the time of trial.

For the same reason the court did not err in refusing special charge No. 2 requested by appellants, reading: "You are instructed to exclude from your consideration the testimony offered by the plaintiffs as to the market value of their respective properties immediately before the gin of the defendants was erected and put into operation, and its market value immediately thereafter."

[3] Complaint is made that the court erred in refusing to give special instruction No. 4, requested by the defendants, which is as follows: "You are instructed that it is your duty to determine from all of the facts and circumstances in evidence whether, in locating their gin on South Main street in the town of Cleburne, the defendants made a reasonable or unreasonable use of the lot upon which the same was located, and, if you fail to find that they made an unreasonable use of said lot, you will find for the defendants." This charge was properly refused. The question at issue was not whether appellants exercised proper care in the location of the gin, but whether as located plaintiffs' property was damaged, and, if so, the extent of such damage.

[4] It is contended in the eighteenth assignment that the trial court erred in the fourth clause of his charge, reading as follows: "On the other hand, if you believe from the evidence that plaintiffs' property was damaged, but that it was so slight as to be merely trivial so as not to affect the market value of the property, then in that event you will find for the defendants; or if you believe from the evidence that the property of the plaintiffs was damaged, but that said damage was caused alone by the railroad trains, the canning factory, from dust from the streets, or from the vats or the smell from the sewer system, or that said damage caused by these other things mentioned above was increased and added to by said gin, but that said increase, if any, was so slight as to be trivial, and that it did not affect the market value of said property, and did not create a nuisance, then in either event you will find for the defendants."

It is insisted that there was no evidence before the jury that the increase of inconvenience or damage arising from the railroad trains, canning factory, dust from the street, from the vats, or the smell from the sewer system, was so slight as to be trivial, and that it did not affect the market value of said property and did not create a nuisance; and the court therefore erred in the charge above quoted in submitting an issue not raised by the evidence. We do not concur in this contention. There was evidence tending to show, and from which the jury could find, that the damage arising from the railroad trains, canning factory, dust from the street, from the vats, or the smell from the sewer system, was so slight as to be trivial, and that it did not affect the market value of said property and did not create a nuisance. We conclude that there is no error in the fourth clause of the charge.

[5] There are various assignments of error complaining of the court's action in calling the jury back into the courtroom after they had failed to agree and giving them

oral instructions without having been requested so to do by the jury. After the court had charged the jury, and after they had been considering the case for some time without reaching a verdict, they were called into open court by the district judge and given certain oral instructions. The jury then stood eleven to one. The judge stated to the jury he would like for them to come to a verdict if it was so they could, stating that it had been a long and tedious case, and that he would like for them to render a verdict if they could, and to go back, telling them to be friendly and not to get stirred up, and if they got tired to rest and knock around; that they were not to become partisan or to take any sides in the matter, but to discuss it from an impartial standpoint. This action was made one of the grounds of the motion for new trial. The oral remarks of the court not in themselves being prejudicial to appellant, this action of the court does not constitute reversible error. Besides, the appellants' counsel was present in court at the time and made no objection to the court's action.

[6] It is assigned that the trial court erred in refusing to allow the defendants to ask the plaintiff S. R. Johnson if he would take in cash $1,200, $1,250, $1,500, $1,650, $1,700, $1,800, $1,900, and $2,000 for the premises in controversy, that is, the premises alleged to have been injured by the erection and operation of the defendants' gin; and in not requiring the plaintiff S. R. Johnson, while a witness on the stand, to answer that he would not take said amounts for said premises. Similar questions were propounded, and rulings were made as to plaintiff Copeland. It is held that a plaintiff can, on cross-examination, be required to state what he will take now for his property for the purpose of testing the good faith and fairness of his estimate made in his examination in chief. Railway Co. v. Scurlock, 97 Tex. 305, 78 S. W. 490. In this case there seems to be no contention by appellants that appellees' property was not damaged, or that it had not depreciated in value by the construction and operation of the gin, or that it was worth more than the estimates placed upon it by plaintiffs. The contention of appellants was, and is, that its natural surroundings, the railroad, canning factory, dust from the street, odor from the stock pens and sewer ditches caused the depreciation in its market value.

[7] There is no assignment of error that the verdict is excessive. There being evidence from other sources sufficient to support the verdict, we are of the opinion that the court's action in excluding the answers of plaintiffs to these questions does not constitute reversible error. Railway Co. v. Jobe, 126 S. W. 36, opinion on rehearing.

The plaintiffs' pleadings were sufficient to sustain the verdict, and the court did not err in refusing to sustain appellants' motion in arrest of the judgment.

Finding no reversible error in the record, the judgment is affirmed.