TRADERS & GENERAL INS. CO. v. HOLTZCLAW.
No. 3572.

Court of Civil Appeals of Texas. El Paso.
Dec. 2, 1937.

Rehearing Denied Dec. 30, 1937.

Collins & Collins, of Lufkin, and Stone & Wells, Henderson, Lightfoot, Robertson, Saunders & Gano, and Claude Williams, all of Fort Worth, for appellant.

Caldwell, Gillen, Francis & Gallagher, of Dallas, for appellee.

HIGGINS, Justice.

This suit was brought by Holtzclaw against the appellant, Traders & General

Insurance Company, to set aside an award of the Industrial Accident Board. Upon the verdict returned judgment was rendered in favor of Holtzclaw for compensation under the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., at the rate of $20 per week for 400 weeks. The insurance company appeals.

■ The appellant questions the jurisdiction of the court below upon the theory that appellee had failed to show a valid and final award of the Industrial Accident Board. The appellee introduced in evidence a certified copy under the hand of the secretary of the Industrial Accident Board, attested by the seal of said board, certifying to an award made by the board November 27, 1935, awarding compensation to Holtzclaw in the sum of $600. There is no merit in the appellant's contention that this certified copy is insufficient to show a valid and final award previously made by the board. The purport of the instrument is to that effect, and it is duly certified as a certified copy of an order of the Industrial Board, attested under the seal of said board. It was admissible in evidence under section 8 of article 8307, R.S., as amended in 1931 by the 42d Legislature, c. 89, § 1, Vernon's Ann.Civ.St. art. 8307, § 8. 17 Tex.Jur. pp. 663 and 675.

The jury returned its verdict into open court and, after the court had examined the same, he gave this written instruction to the jury:

"You have answered Special Issue No. 3 'Yes' that the plaintiff has been totally incapacitated to labor, and you have answered Special Issue No. 4 'Yes' that said total incapacity is permanent; however, you have answered Special Issue No. 7 'Yes' that the plaintiff suffered a partial incapacity to labor, and Special Issue No. 8 'Yes' that said partial incapacity is permanent, and Special Issue No. 9 that said partial incapacity is 75%, thus making your answers to Special Issues Nos. 3 and 4 conflict with your answers to Special Issues Nos. 7, 8 and 9. Or, stating the same thing in another way, your answers to Special Issues Nos. 3 and 4.

"You are instructed that a person cannot be totally and partially incapacitated at the same time. If the plaintiff was totally and permanently incapacitated, he could not be partially incapacitated to any extent for any period of time. Stating it the other way (meaning the same thing). If the plaintiff was partially incapacitated to any extent for any period of time, he could not be totally incapacitated for such period of time. The court does not desire to indicate how you shall answer the special issues, but only to point out the conflict in your answers, so, as stated, in the main charge, you must answer the special issues as you find the facts to be, but you will retire to your room and reconcile your answers."

Thereupon the jury again retired and later returned another verdict, wherein they had changed their answers to issue No. 7 from "Yes" to "No," thereby finding that there was no partial disability. Further changing their verdict by leaving issue No. 8 unanswered. They changed their answer to issue No. 9 by erasing "75% disability," and leaving the said issue unanswered.

■■ To the procedure and charge indicated appellant objected for various reasons. It is asserted the court had no right to refuse to receive the verdict originally returned; that the court had no right to give additional written instructions in the nature of a general charge and argument. We regard these objections as untenable. The answers returned by the jury were in fact conflicting. Traders' & General Insurance Company v. Nunley, Tex.Civ.App., 80 S.W. 2d 383; Indemnity Insurance Company v. Williams, Tex.Civ.App., 69 S.W.2d 519; New Amsterdam Casualty Company v. Reeves, Tex.Civ.App., 300 S.W. 206. It was proper and necessary for the court to send the jury back for further deliberation. Article 2207, R.S. It is true a general charge in a case submitted upon special issues cannot be properly given, but it is also true that it is the duty of the court in a special issue submission to give such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues. These explanations and definitions should be as full and complete as the circumstances of the case may require. The issues referred to in the supplementary charge to the jury are very provocative of conflicting findings, and the court is authorized to give such explanations and definitions as may be necessary to enable the jury to return answers which are not conflicting. The court did not indicate to the jury how the issue should be answered. The objections urged by the appellant against the giving of the charge and the language thereof present no reversible error. U. S. F. & G. Co. v. Archer, Tex.Civ.App., 87

S.W.2d 281; Maryland Casualty Co v. Dicken, Tex.Civ.App., 80 S.W.2d 800; U. S. Fire Insurance Co. v. Boswell, Tex.Civ. App., 82 S.W.2d 176; Southland Greyhound Lines v. Cotten, 126 Tex. 596, 91 S.W.2d 326.

■ Another bill of exception discloses that, after the jury had retired and during their deliberations, the foreman, in writing, advised the judge as follows:

" 'Dear Judge Brown: We need you to explain Special Issue No. 7 to some of the jurors. W. F. Coates, Foreman.' Thereupon the court caused the jury to be brought into open court and orally communicated with the jury, through their foreman, by making the following statement or asking the following question of the foreman of the jury orally and in the presence of each and every member of the jury, as follows:

" 'What do you want the court to explain about Special Issue No. 7?'

"To which question the foreman thereupon, in the presence of the other members of the jury, orally communicated with the court by making the following statement:

" 'Some of the jurors are confused as to whether a man can be totally disabled and partially disabled at the same time and that they desired further instructions thereto.'

"And thereupon the defendant objected to the court orally communicating with the jury, or giving them any further instructions; then the court thereupon further communicated with the jury orally by making the following statement to the foreman of the jury in the presence of each and every member of the jury, as follows:

" 'The court cannot give them the information requested.'

"And the court thereafter retired the jury to further consider of their verdict."

This matter presents no error. Articles 2197 and 2198, R.S.; Wichita Falls Compress Co. v. W. L. Moody & Co., Tex.Civ. App., 154 S.W. 1032 (11); Compton v. Jennings Lumber Co., Tex.Civ.App., 295 S.W. 308 (5); Gillham v. St. Louis Southwestern Railway Co., Tex.Civ.App., 241 S.W. 512; Hunt v. Johnson, Tex.Civ.App., 141 S.W. 1060.

Appellant's eighth, ninth, and tenth propositions present no error, for the reason that the defensive issues of partial and temporary disability were unconditionally submitted to the jury in issues Nos. 5 and 7.

Affirmed.