VANDERGRIFF v. WILLETT.—137 S. W. (2d) 957.

Eastern Section. October 28, 1939.

Petition for Certiorari denied by Supreme Court, March 2, 1940.

30

■■■■■■■■■■■■■■■■■■■■■■■

Whitaker & Whitaker, of Chattanooga, for plaintiff in error.
Goins & Gammon, of Chattanooga, for defendant in error.

PORTRUM, J. The facts of this case present the applicability of the rule of res ipsa loquitur and whether or not the circumstantial evidence adduced makes out a prima facie case entitling it to go to the jury.

Jeff Brothers Woodworks was the general contractors contracting to remodel and reconstruct a three-story building in the city of Chattanooga, and the Sun Indemnity Company insured the contractors' workmen against injury growing out of the employment under the compensation laws of this state. The general contractor sublet the steel work on the building to Stone Wilson and he employed the injured workman Thomas Lee Vandergriff, who was a steel rigger. The contractors sublet the brick work to the defendant A. J. Willett, who had in his employment about five workmen in building the wall.

While engaged in this building and after the walls had been constructed above the third floor and the third subfloor put in, a brick was dislodged and fell from the wall or the third floor through a crack or opening and struck the workman Vandergriff upon the hand while he was engaged in work upon the second floor. His injury fell within the terms of the compensation act and he was entitled to compensation, which was paid him by the general contractor and the insurance company above named. He was paid the sum of $250.05.

This suit was then instituted by the Sun Indemnity Company and Jeff Brothers, using the workman's name as a nominal plaintiff, under Section 6866 of the Code of 1932, seeking subrogation against the defendant A. J. Willett on the theory that he was engaged in the brick work and his servants had negligently caused the injury, for

which the plaintiffs here had to answer, entitling them to a judgment over against the real party at fault.

There were only two witnesses introduced, the injured workman Vandergriff and a workman by the name of Sam Jones who was at work upon the third floor at or near the time of the injury. Vandergriff, like Billy Patterson, was unable to say who struck him; he states the brick fell from above and hit him on the hand while he held a steel girder. Immediately above him there was a vacant space between the brick wall and the third floor of seven or eight inches, and there were bricks dumped from a wheelbarrow upon the third floor to be later placed upon the scaffold where the workmen were laying brick. This brick could have been jarred and caused to fall between this opening or it could have been negligently dumped into the opening from its place upon the third floor; or it could have fallen from the scaffolding on the outside of the wall through an opening in the wall the size of a large window which was left for the purpose of using decorated or glass brick in this opening. The witness testified to these physical facts and that the brick hit him, but he was unable to say where the brick came from or who or what caused it to fall. Had there been no other evidence available, then this witness' testimony alone perhaps satisfied the rule of res ipsa loquitur, casting the burden upon the defendant to explain why the brick fell. But the plaintiff placed upon the stand, a workman of the defendant, Sam Jones, who was engaged in wheelbarrowing the brick up to the third floor, dumping them there, and later placing them upon the scaffold or wall for the workmen. He states that he did not cause the brick to fall, and that he did not know that the brick had fallen and the workman injured until some time afterwards, that is, after the workman had been to the hospital and had his wound dressed and returned to the work when Jones first learned of it. He states he was at work upon the floor about the time of the injury and at the same time two or three other workmen under the employment of the general contractor were upon the floor engaged in the woodwork. He states to the best of his recollection none of the other workmen were about the place where the brick fell. Upon cross examination he was asked:

"Q. You are not positive whether anyone else was working up there, you don't know whether anyone else threw or dropped a brick? A. No sir."

■■ From this evidence introduced by the plaintiff the court is of the opinion that the plaintiff established that the defendant was not in exclusive control of the grounds or place where the work was done, and that no conclusive inference arises casting the burden upon the defendant to explain. Under the proven facts it is reasonable for prudent men to assume that the negligent act was caused by the woodworkmen or by the brick masons, and the defendant is re-

sponsible only for the negligence of the brick masons. Especially is this true when it is shown by the plaintiff, the general contractor, that his own workmen were engaged in work upon the third floor at the time of the injury and these men were there all the time, while the defendants' workman was away part of the time hauling up brick. It might well be within the knowledge of these woodworkmen how the accident happened, and they were in the employ and under the control of the plaintiff and were not called as witnesses. This being true, there is a presumption their testimony would have been unfavorable; otherwise the plaintiff might establish his case by res ipsa loquitur, requiring the defendant to explain the facts within the knowledge of the plaintiff and unknown to the defendant.

This rule is likewise applicable when the plaintiff attempts to establish his case by circumstantial evidence. Under the facts proven they do not justify an inference to be drawn by the jury that it is more probable because of the circumstances shown that the bricklayers dropped the brick than that the woodworkers dropped or caused the brick to fall; when it is equally probable that the injury was caused in one of two ways, only for one of which the defendant is responsible, then the jury cannot speculate.

The court thinks that the trial judge was correct in directing the verdict (North Memphis Savings Bank v. Union Bridge & Construction Co., 138 Tenn., 161, 196 S. W., 492; Turnpike Co. v. Yates, 108 Tenn., 428, 67 S. W., 69; Northcross v. Theater Co. and Construction Co., 3 Tenn. App., 51; 45 C. J., 1206), and his judgment is affirmed with costs.

Ailor and McAmis, JJ., concur.